**Ruth F. IVES, formerly Ruth F. Isenstein, Appellant,**

v.

**William B. FRANKE, Secretary of the Navy, Appellee.**

**No. 14956.**

United States Court of Appeals District of Columbia Circuit.

Argued May 15, 1959.

Decided Sept. 17, 1959.

Petition for Rehearing En Banc Denied Oct. 13, 1959.

Mr. Charles H. Mayer, Washington, D. C., for appellant.

Mr. Edgar T. Bellinger, Asst. U. S. Atty., with whom Messrs. Oliver Gasch, U. S. Atty., and Carl W. Belcher, Asst. U. S. Atty., were on the brief, for appellee. Mr. Nathan J. Paulson, Asst. U. S. Atty., also entered an appearance for appellee.

Before WILBUR K. MILLER, BAZELON and BASTIAN, Circuit Judges.

WILBUR K. MILLER, Circuit Judge.

Ruth F. Ives enlisted in the Marine Corps February 2, 1952. After having been hospitalized for some six weeks for treatment of an emotional or nervous disorder, she was discharged October 22, 1952, because of disability. As her proficiency rating did not reach the minimum required by Marine regulations for an honorable discharge, there was issued to the appellant a general discharge under honorable conditions, which she accepted.

Having unsuccessfully invoked available administrative remedies, Miss Ives sued September 15, 1958, in the District Court seeking a declaration that she was entitled to an honorable discharge, and a mandatory injunction to compel its issuance. She attacked the Secretary's issuance of her discharge certificate as arbitrary, capricious, unlawful and violative of the due process clause, thus in effect attacking the regulations under which he acted. The District Court granted summary judgment to the Secretary of the Navy, whereupon this appeal was taken.

■■■ There is no statute prescribing the form or terms of discharge certificates for use by the Marine Corps. That being true, the Secretary of the Navy could by regulation provide for different forms of discharge, even if he were without express statutory authority to do so. Davis v. Woodring, 1940, 72 App.D.C. 83, 85, 111 F.2d 523, 525. But Congress has authorized the Secretary, under such regulations as he may prescribe, to terminate the enlistment of any woman in the Marine Corps.[1] As discharge is coincident with or immediately follows termination of enlistment, we think the authority to prescribe regulations governing termination of enlistment necessarily enables the Secretary to prescribe regulations concerning discharge following such termination, including the form and terms of the certificate evidencing it.

The Secretary of the Navy therefore acted lawfully in prescribing regulations describing and defining the various types of discharge certificates to be used by the Marine Corps. Those which define an honorable discharge as a result of disability and a general discharge under honorable conditions as a result of disability are reproduced in the margin.[2]

---

1. 34 U.S.C. § 105i, now 10 U.S.C. § 6294, which is in part as follows:

"(b) The Secretary of the Navy, under such regulations as he may prescribe, may terminate the enlistment of any enlisted woman in the Regular Navy or Marine Corps, and each such person

whose enlistment is so terminated shall be discharged from the service."

2. Marine Corps Manual, paragraph 10269, Honorable Discharge for Disability:

"2. An enlisted person discharged as a result of a disability, whether or not incurred in line of duty, provided not own

■ The appellant's proficiency rating admittedly was less than 5. Hence, under the regulation, she was entitled to no more than a general discharge under honorable conditions. She contends, however, that the Secretary was not authorized "to condition the award of an honorable discharge upon the degree of proficiency of the service rendered by appellant" and that he acted unlawfully in doing so. We do not agree. We see no reason to forbid classification of discharges according to degrees of proficiency, especially since there is no connotation of dishonor in a general discharge which expressly recites that it is "under honorable conditions."

■ The appellant argues that Army and Air Force regulations concerning honorable discharges are more lenient than those of the Marine Corps, and that "The difference in the requirements for an honorable discharge applied to persons similarly situated gives rise to a cause of action under the due process clause of the Fifth Amendment to the Constitution. * * * The due process clause requires that a statute (or regulation under a statute) must operate equally on all persons in like circumstances. In this case, the regulations did not operate equally upon all enlisted members of the Armed Forces and are, therefore, illegal."

This reasoning would require that there be but one set of regulations for all branches of the armed forces pertaining to the subject of discharges, regardless of any variation in the conditions and circumstances surrounding personnel in the several services. We are not prepared to order that the branches of our armed services be integrated to that extent.

Other reasons for reversal advanced by appellant have been considered but do not seem to us to require discussion.

Affirmed.

BAZELON, Circuit Judge (dissenting).

While the General Discharge issued to appellant expressly indicates that her separation was "under honorable conditions," it is clear that there is a substantial "margin of value" [1] distinguishing it from an Honorable Discharge. The regulations involved here demonstrate this.[2] They provide for issuance of an Honorable Discharge—whether the separation is by reason of disability, expiration of enlistment or various other circumstances—where there has been (1) satisfactory conduct, (2) proficiency in performance of duty, and (3) no conviction by a general court-martial and no more than one conviction by a special court-martial. Absent any one of these conditions, something less than an Honorable Discharge is authorized unless the person has been decorated or was disabled as a result of action against the enemy.

According to instructions [3] issued in connection with these regulations, conduct and proficiency requirements are determined from periodic ratings by

---

misconduct, whose minimum final average marks are 5 in proficiency and 4.0 in conduct, and who has not been convicted by general court-martial or more than once by special court-martial, shall be given an Honorable Discharge, DD Form 256 MC. For the exception, see subparagraph 10251–3."

Marine Corps Manual, paragraph 10270, General Discharge for Disability:

"1. Personnel discharged for any of the following reasons shall receive a General Discharge, DD Form 257 MC:

"a. Disability, whether or not incurred in line of duty, provided not own misconduct, where final average marks are less than 5 in proficiency and 4.0 in conduct, or the record shows conviction by general court-martial or more than once by special court-martial, unless otherwise directed by the Commandant of the Marine Corps. For the exceptions, see subparagraphs 10269–2a and 10251–3."

The exceptions are not applicable here.

1. Harmon v. Brucker, 1957, 100 U.S.App. D.C. 190, 198, 243 F.2d 613, 621, reversed 1958, 355 U.S. 579, 78 S.Ct. 433, 2 L.Ed.2d 503.

2. Pertinent portions of the regulations are set forth in an appendix to this opinion.

3. Pertinent portions of the instructions are set forth in the appendix to this opinion.

service superiors. For an Honorable Discharge conduct ratings must show "No offenses. Demonstrated reliability, good morale influence, sober, obedient, and ·industrious"; and. proficiency-in-performance ratings must show a superiority over 40 per cent of those of the same rank performing the same duties.[4]

Appellant, who enlisted in the United States Marine Corps (women's branch) on February 2, 1952, was hospitalized on September 15, 1952, as a result of an undefined psychiatric condition. On October 22, 1952, she was discharged because of a "physical disability, namely emotional instability reaction No. 3210." No contention is made that this disability was the result of her own misconduct or that she at any time failed· to devote her best efforts to her duties. Her conduct rating amply satisfied the requirements for an Honorable Discharge. Her proficiency rating, however, fell below minimum requirements. Solely because of ·this deficiency, an Honorable Discharge was withheld and she was given a "General Discharge—under honorable conditions."

Assuming [5]—as the Government contends—that the General Discharge was issued in accordance with the Marine Corps regulations and instructions, I disagree with its further contention that courts may not inquire into their "propriety." In Harmon v. Brucker, 1958, 355 U.S. 579, 582, 78 S.Ct. 433, 435, 2 L.Ed.2d 503, the Supreme Court held that the courts have "power to construe the *statutes* involved to determine whether the [Secretary] did exceed his powers." (Emphasis supplied.)

The statute which vests authority in the Secretary of the Navy to discharge appellant merely provides that "The Secretary of the Navy, under such regulations as he may prescribe, may terminate the enlistment of any enlisted woman in the Regular Navy or the Regular Marine Corps, and each such person whose enlistment is so terminated shall be discharged from the service." [6] Undoubtedly this provision gives the Secretary broad discretion in promulgating regulations governing the character of discharge to be issued to various classes of persons.[7] But limits upon the exercise of that discretion are imposed by historic precedent.

As far as I am able to determine, from the inception of our military establishment until recently, an Honorable Discharge has issued to all persons whose *conduct* while in service was satisfactory.[8] Indeed, the Marine Corps Honor-

---

4. Thus, according to the instructions, 40% of those of the same rank performing the same duties would be unable to satisfy the proficiency rating requirement. However, it appears that in 1952, of 45,414 persons discharged from the Marine Corps, only 5,659, or approximately 8%, received General Discharges. And of this 8% no doubt many satisfied the proficiency requirement but failed to satisfy other requirements for an Honorable Discharge. It cannot be assumed that there were a significant number of persons who, in spite of failure to meet the proficiency requirement, were ·awarded Honorable Discharges because of decorations, or because of a disability resulting from action against the enemy. Therefore it would seem that either (a) proficiency ratings were in fact higher than was contemplated by the instructions, or (b) the regulations relating to the character of the discharge were ignored in the majority of cases. If I did . not consider that appellant is entitled to relief on other grounds, I would remand to the District Court for elucidation of this matter.

5. But see note 4, supra.

6. 62 Stat. 370 (1948), 34 U.S.C. § 105i (b) (1952), as subsequently amended pursuant to codification, 70A Stat. 392 (1956), 10 U.S.C. § 6294 (Supp. V, 1958).

7. See Patterson v. Lamb, 1947, 329 U.S. 539, 67 S.Ct. 448, 91 L.Ed. 485; Davis v. Woodring, 1940, 72 App.D.C. 83, 85, 111 F.2d 523, 525; Bernstein v. Herren, D.C.S.D.N.Y.1955, 136 F.Supp. 493, 496.

8. 13 Ops.Att'y Gen. 16, 18 (1869):
   "* * * Regularly, an officer or soldier, upon his discharge from service, may be regarded as entitled to an honorable discharge, unless he is under sentence of dishonorable dismissal, or unless he has been convicted of an infamous offense, and is sentenced to punishment therefor during the remainder of his term of serv-

able Discharge certificate itself states: "This certificate is awarded as a Testimonial of Fidelity and Obedience." It was not until March 1945 that the Marine Corps adopted its present policy of withholding Honorable Discharges for lack of proficiency regardless whether such lack is attributable to an absence of effort, for which the individual is at fault, or to an incapacity of nature or circumstances for which the individual is not at fault. I do not believe that the governing statute authorizes such a basic alteration of historic precedent grounded in fairness. That precedent has become so entrenched in the public mind that anything less than an Honorable Discharge is commonly understood as an adverse reflection upon character.[9] And this understanding is hardly altered by the certificate of "General Discharge—under honorable conditions," since the regulations authorize its issuance to persons whose conduct has *not* been satisfactory.

For the foregoing reasons, I would reverse and remand to the District Court with directions that an order be issued enjoining the Secretary from refusing to issue an Honorable Discharge to appellant solely for lack of proficiency.

## APPENDIX

*Regulations*

Marine Corps Manual, 1949, Part E, provides in pertinent part:

"10252   Honorable Discharge

"1. An honorable discharge requires excellent service, fulfilment of certain other conditions herein stated, and eligibility for discharge for one of the following reasons:

"a.   Expiration of enlistment.

"b.   Convenience of the Government.

"c.   Dependency or hardship.

"d.   Minority.

"e.   Disability.

"2. Excellent service is defined as being proficient in the performance of the duties commensurate with the rank held, being industrious and

---

ice, or of conduct reflecting upon his military career, such as cowardice, &c., with either of which conditions an honorable discharge would be incompatible; but none of these circumstances here appears. * * * *"

Rev.Stat. § 1429 (1875), 34 U.S.C. § 194 (1952):

"Report of men entitled to honorable discharge. It shall be the duty of every commanding officer of a vessel, on returning from a cruise, and immediately on his arrival in port, to forward to the Secretary of the Navy a list of the names of such of the crew as, in his opinion, on being discharged, are entitled to an 'honorable discharge' as a testimonial of fidelity and obedience; and he shall grant the same to the persons so designated."

Regulations for the Army, 1913, as corrected to April 15, 1917, Art. XXI, paras, 148½ and 150, provided for issuance of a less-than-Honorable Discharge to a soldier who had become physically disqualified for service "through his own misconduct." These Regulations also indicated that a soldier discharged as "inapt" or as lacking in "adaptability" should receive the same form of less-than-Honorable Discharge though at the same time it was provided that an Honorable Discharge should be issued "when the soldier's *conduct* has been such as to warrant his enlistment and his service has been *honest and faithful*." (Emphasis supplied.) See Patterson v. Lamb, supra, 329 U.S. at page 542, note 5, 67 S.Ct. at page 450; Davis v. Woodring, supra, 1940, 72 App.D.C. at pages 84–85, 111 F.2d at pages 524–525. The obvious conflict between these provisions was eliminated in the Army Regulations of 1923, AR 615–360, Sec. VIII, para. 53(b), which provided for the issuance of an Honorable Discharge where "the *conduct* of the enlisted man during his current enlistment has been such as would render his retention in the service desirable were it not for his inaptitude or lack of required adaptability for military service." (Emphasis supplied.)

9. See Harmon v. Brucker, supra, 100 U.S. App.D.C. at pages 197–198, 243 F.2d at pages 620–621 wherein Government counsel conceded that " 'every soldier gets an honorable discharge unless there is some *blemish* on his record on account of which he receives a discharge other than honorable.' " 100 U.S.App.D.C. at page 202, 243 F.2d at page 625 (dissenting opinion). (Emphasis supplied.)

possessing a good conduct record, and having received a minimum final average of 5 in proficiency and 4.0 in conduct.

"3. An honorable discharge will not be issued if the enlisted person has been convicted of an offense by general court martial or has been convicted by more than one special court martial in his current enlistment, period of induction, or any extensions thereof, unless such enlisted person has been awarded a Medal of Honor, Marine Corps Brevet, Navy Cross, Distinguished Service Medal, Silver Star Medal, Legion of Merit, Distinguished Flying Cross, Navy and Marine Corps Medal, Bronze Star Medal, Air Medal, Commendation Ribbon, Gold Life Saving Medal, Silver Life Saving Medal or any Army award comparable to the decorations listed above. Personnel so decorated are entitled to an honorable discharge provided their record, subsequent to the act for which they were rewarded or commended would so entitle them. Also, a person discharged as a result of a disability incurred in line of duty and resulting from action against an enemy, shall normally be given an honorable discharge regardless of previous service record and previous conduct and proficiency marks.

"4. In an exceptional case where the commanding officer is of the opinion that the person concerned should not be given an honorable discharge in accordance with the foregoing instructions, a full report of the circumstances shall be forwarded to the Commandant of the Marine Corps for decision.

"10253 General Discharge

"1. A general discharge is separation from the service 'under honorable conditions.' It is given for the same reasons as an honorable discharge and is issued to enlisted personnel whose conduct and performance of duty have been satisfactory but not sufficiently deserving or meritorious to warrant an honorable discharge. It is also given for inaptitude and unsuitability."

*Instructions*

The instructions issued in connection with the foregoing regulations provide in pertinent part:

A. As to proficiency:

"3.a. The mark assigned in proficiency should reflect the marine's proficiency in performance of duty in comparison with the proficiency of all other marines of the same rank observed in performance of the same or similar duties. This comparison must be limited to marines of the same rank; however, it need not be limited to marines now under command of the marking officer. The mark in proficiency should be an objective evaluation of the marine's relative proficiency in performance of duty subsequent to the date the last mark was given; factors such as high rank, previous marks, etc., must not be considered. Marks in proficiency will not reflect the comparative general value to the service of marines in different pay grades. For example, a staff sergeant with a mark of 3 is considered to be of more value to the service than a corporal with a mark of 8.

"b. Proficiency, simply stated, means how well the marine performs the duty or duties assigned. In addition to technical skill and specialized knowledge pertinent to a particular job, such characteristics as leadership, physical fitness, and the like should be considered when they are definitely applicable. For example, leadership should be considered in all cases in which the marine was required to direct and control other marines in performance of their duty.

"c. The mark assigned will be a number from 1 to 9, inclusive, based on the following standards:

| Mark | Indicates Marine Excels. (Percent of all other marines of same rank) | |
| --- | --- | --- |
| | *At least* | *Not more than* |
| 9 . . | 96 | 100 |
| 8 . . | 89 | 96 |
| 7 . . | 77 | 89 |
| 6 . . | 60 | 77 |
| 5 . . | 40 | 60 |
| 4 . . | 23 | 40 |
| 3 . . | 11 | 23 |
| 2 . . | 4 | 11 |
| 1 . . | 0 | 4 |

"d. Based on the foregoing, the expected distribution of the marks of a random group of 100 marines of the same rank would be 4 percent with a mark of 9, 7 percent with a mark of 8, 12 percent with a mark of 7, 17 percent with a mark of 6, 20 percent with a mark of 5, 17 percent with a mark of 4, 12 percent with a mark of 3, 7 percent with a mark of 2, and 4 percent with a mark of 1."

B. As to conduct:

"3. The following standards will be used as a guide in assigning marks in conduct; however, full discretion is left to commanding officers to deviate therefrom in individual cases for good and sufficient reasons:

"Unsatisfactory (0–1.9).—Habitual offender, or convicted by summary court martial or more than one deck court. If an unsatisfactory mark is assigned on a basis other than offenses entered on page 10, an entry shall be made there to explain the mark. A mark of 'Zero' shall be given upon desertion, and for any period of confinement in a designated naval prison, pursuant to sentence of a general court martial.

"Fair (2.0–2.9).—No summary court martial, not more than one deck court or two commanding officers' punishments including confinement or reduction in rank for misconduct. Considered to meet minimum standards.

"Good (3.0–3.9).—No courts and not more than one commanding officer's punishment. Conduct such as not to impair appreciably his own usefulness nor the efficiency of the command.

"Very Good (4.0–4.4).—No offenses. Demonstrated reliability, good morale influence, sober, obedient, and industrious.

"Excellent (4.5–4.8).—No offenses. No unfavorable impressions as to attitude, interest, cooperation, obedience, after effects of intemperance, courtesy and consideration and observance of the spirit of regulations.

"Outstanding (4.9–5.0).—Positive favorable impression of the qualities listed above, and in addition a demonstrated positive effect on the conduct of others by example and persuasion."