Laramore, Judge,
delivered the opinion of the court:
Plaintiff, a Navy enlisted man discharged from the Navy with a general discharge under honorable conditions, claims that said discharge was invalid and seeks to recover the pay and allowances he would have received if he had been allowed to remain in the Navy until the normal expiration of his second enlistment, June 5, 1964. He also seeks to recover the portion of his enlistment bonus which the Government recouped at the time of his discharge. In addition, plaintiff asks judgment for a travel allowance for the transportation of his family from his place of discharge in Washington, D.O., to his domicile in Maine.
Both plaintiff and defendant have filed motions for summary judgment based on the following facts which are shown from the pleadings, affidavit, and exhibits attached.
The facts are not in dispute. On August 17,1954, plaintiff enlisted in the U.S. Navy for a period of four years. At the end of that enlistment, plaintiff received an honorable discharge and on the next day, June 5,1958, he re-enlisted for a period of six years. At the time of his re-enlistment, plaintiff was given a re-enlistment bonus of $1,080 pursuant to *603 section 208 of the Career Compensation Act of 1949, as amended, 68 Stat. 488 (1954), 37 U.S.C. § 239.
On December 14, 1960, plaintiff was given a general discharge under honorable conditions in accordance with the provisions of Article C-10311 of the Navy Bureau of Personnel Manual. At the time of his discharge plaintiff was paid for 36 days of unused leave. Also at that time, pursuant to section 208 of the Career Compensation Act of 1949, mpra, plaintiff was required to refund that portion of his re-enlistment bonus which represented the unexpired portion of his second enlistment.
Plaintiff received a general discharge because of an act of oral sodomy with a female prostitute which occurred in Lisbon, Portugal, in October of 1958 during his last enlistment in the U.S. Navy. Although his discharge was based on the act above recited, the administrative proceedings occurring prior to his discharge also established that he was charged with being involved in four abnormal sexual acts prior to entering the Navy and during his first enlistment.
The events which culminated in plaintiff’s general discharge on December 14,1960 are as follows:
On April 4,1960, while plaintiff was stationed at the U.S'. Naval Station, Washington, D.C., he was questioned by an agent from the Office of Naval Intelligence in connection with an investigation being conducted into alleged homosexual activity of certain members serving on board plaintiff’s former duty station, the USS DUXBURY BAY. Apparently, allegations had been made concerning homosexual activities on the part of an enlisted man on board that ship, who had the same last name as plaintiff. This suspect— plaintiff’s namesake — had denied knowledge of such activities, and had suggested that the allegations might, in fact, have been made concerning an entirely different Grant who had formerly served on board the USS DUXBURY BAY, namely, the plaintiff.
Prior to his questioning by the Naval Intelligence agent, plaintiff was informed that he need not make any statement, and that if he did so, any statement that he made could be used against him. In the ensuing interview, plaintiff voluntarily gave the intelligence agent a statement which was *604 reduced to writing and signed by plaintiff after be had read it, and been permitted to make any changes that he desired. In that statement plaintiff denied that he had engaged in any homosexual activity aboard the USS DUXBUBY BAY, but he admitted participation as a passive partner in homosexual acts of oral perversion (fellatio) on several occasions prior to his entry in service, and on two occasions during his first enlistment. Moreover, plaintiff admitted that he had been a party to acts of oral perversion (fellatio) involving female prostitutes in 1956, during his first enlistment, and on one occasion in 1958, during his second enlistment.
As a result of these admissions, and pursuant to plaintiff’s request to have his “case heard by a board of not less than three officers”, the Commanding Officer of the U.S. Naval Station, Washington, D.C., convened a Field Board of Officers to inquire into all the pertinent facts relating to plaintiff’s possible separation from the Navy. This was done in accordance with the provisions of Articles C-10311 and C-10313 of the Bureau of Naval Personnel Manual. A hearing before the Field Board was held at the U.S. Naval Station, Washington, D.C., on July 5, i960. The statement plaintiff had given the Naval Intelligence agent was introduced into evidence at that hearing as was a portion of a report of a psychiatric examination of plaintiff performed by the U.S. Naval Dispensary, Washington, D.C., on May 10, 1960. In that report, it was stated that: “* * * the history was reviewed and confirmed with the patient and he agrees with the written statement that he made on 1¡, April 1960A [The statement given to the Naval Intelligence Agent.]
At the hearing, plaintiff, who was represented by military counsel, testified in his own behalf. In his testimony he reiterated all the matters contained in his previous statement to the Naval Intelligence agent, including the fact that he had been a partner to an act of oral sodomy with a female prostitute in 1958.
Based on the evidence presented at the hearing the members of the Field Board of Officers unanimously recommended that plaintiff be discharged under honorable conditions. On July 26,1960, plaintiff’s Commanding Officer forwarded the report of the Field Board to the Board of Naval Person *605 nel, expressing concurrence with the Field Board’s recommendation that plaintiff be discharged from the Naval Service with a general discharge under honorable conditions.
On August 1, 1960, in accordance with the provisions of Article C-10311 (sec. 2) and Article C-10313A (sec. 8) of the Bureau of Naval Personnel Manual, the Enlisted Performance Evaluation Board reviewed plaintiff’s records at the behest of the Chief of Naval Personnel, and recommended that he be issued an undesirable discharge by reason of unfitness. This recommendation was approved by the Chief of Naval Personnel, with the notation to the effect that the undesirable discharge was “based on perverted acts with women admitted by respondent during this enlistment.”
Inasmuch as the type of discharge recommended by the Enlisted Performance Evaluation Board was of a less favorable nature than that which had been recommended by the Field Board of Officers (undesirable vis-a-vis general), section 9(b), of Article C-10313, afforded plaintiff the opportunity to make further representation to show cause why this less favorable action should not be taken. By letter dated August 22,1960, plaintiff took advantage of this opportunity and requested a hearing wherein he would be allowed to appear personally before the Enlisted Performance Evaluation Board.
A hearing before the Enlisted Performance Evaluation Board was held on October 27, 1960. Plaintiff was present at this hearing and was represented by counsel, but refrained from testifying and his counsel would not permit him to answer questions propounded by the Board. The reasons stated by plaintiff’s counsel for not permitting him to testify or answer questions propounded by the Board were stated as follows:
The reason I’m not having Grant testify this morning is that he has testified in the Field Board Hearing, and if there is going to be any more testimony in this case we feel it should be in court.
At the conclusion of the hearing, the Enlisted Performance Evaluation Board adhered to its previous recommendation that plaintiff be issued an undesirable discharge. However, the findings and recommendations of the Board were modi *606 fied upon review by the Chief of Naval Personnel and, on November 11,1960, he directed that plaintiff be issued a general discharge by reason of unfitness in accordance with Article C-10311 of the Bureau of Naval Personnel Manual. Accordingly, on December 14,1960, plaintiff was discharged with a general discharge under honorable conditions by reason of unfitness. The reason for the discharge was not shown upon the discharge certificate plaintiff received.
By application dated December 30, 1960, plaintiff requested the Navy Discharge Beview Board to restore him to duty, or, in the alternative if it lacked that authority, to change his discharge to “fully honorable.” On February 21, 1961, plaintiff’s case was heard before that Board. At the conclusion of the hearing, the Navy Discharge Review Board decided that no change, correction, or modification should be made in the general discharge originally issued to plaintiff. The Secretary of the Navy reviewed and approved the proceedings and decision of the Navy Discharge Review Board, and on March 24, 1961, plaintiff was notified that no change would be made in his discharge.
By application dated April 7,1961, plaintiff requested that the Board for Correction of Naval records review his record, and restore him to active duty, or in the alternative change his discharge from general to honorable. By letter dated November 7, 1961, the Correction Board informed plaintiff as follows:
* ‡ * * «
Administrative regulations and procedures established by the Secretary of the Navy for the guidance of this Board provide that the burden of proof is on a Petitioner to show by documentary evidence that an error has been made, or an injustice has .been suffered. Further, a hearing by the Board may be denied when a Petitioner has failed to show that an entry or omission in his Naval record was improper or unjust under then existing standards of naval law, administration and practice.
_ Preliminary examination of your naval record and review of the material submitted by you fails to establish a sufficient basis for further action by this Board.
It is not the intention of the Board to imply that a subsequent review of your case may not be had. As stated above, however, the burden is on you to show that an error or injustice has occurred.
*607 In the absence of additional material evidence, no further action on your application is contemplated.
On November 4,1960, prior to his discharge from the Navy, plaintiff sought and obtained from the District Court for the District of Columbia, a temporary restraining order, restraining the defendant from discharging the plaintiff from the Navy, pending a hearing on plaintiff’s motion for a preliminary injunction. (Civil Action No. 3659-60). There-straining order expired on November 14, at which time the motion for preliminary injunction was heard and denied by the Court. The Court’s reasons for denying plaintiff’s motion for a preliminary injunction as set forth in its findings of facts and conclusions of law, were that: “ (a) plaintiff has an adequate remedy at law. (b) plaintiff will not be irreparably injured.” Plaintiff appealed the order of the District Court to the Court of Appeals for the District of Columbia, but on January 18, 1961, plaintiff filed a praecipe dismissing his appeal without prejudice because he was presently pursuing his administrative remedies before the Navy Discharge Review Board, and the Board for the Correction of Naval Records.
Plaintiff filed his petition in this Court on January 31, 1962, alleging that his discharge from the Naval service was “arbitrary, capricious, malicious, and unreasonable, and an abuse of discretion by defendant.” He further alleged that his discharge was a violation of the procedural and substantive safeguards guaranteed plaintiff by the Uniform Code of Military Justice, the Administrative Procedure Act of 1946, Secretary of the Navy Instruction 1620.1 of June 5, 1953, and the 5th and 6th Amendments of the United States Constitution.
Plaintiff’s separation was accomplished by the Navy pursuant to the provisions of Article C-10311 of the Bureau of Naval Personnel Manual, which provides in pertinent part as follows:
C-10311. Discharge of Enlisted Personnel by Reason of Unfitness.
(1) Enlisted personnel, may be separated, by reason of unfitness, with an undesirable discharge or with a higher type discharge. Such discharge, regardless of *608 attendant circumstances, will be effected only when directed by the Chief of Naval Personnel.
‡ $ *
(3) An enlisted person will be recommended for discharge by reason of unfitness to free the service of persons whose military record is characterized by one or more of the following:
H: * % # ❖
(b) Sexual perversion including but not limited to * * * (3) sodomy * * *.
The first question which confronts us is whether his separation and discharge under this regulation was arbitrary or capricious. Plaintiff contends his removal was arbitrary, capricious, and in complete violation of the procedural and substantive rights guaranteed him by the Uniform Code of Military Justice, 10 U.S.C. §925 (1958 Ed.), Secretary of the Navy Instruction 1620.1, and the Fifth and Sixth Amendments to the Constitution of the United States. Plaintiff further contends that the Navy lacked statutory authority for administratively awarding plaintiff a punitive discharge and in effect a fine.
We can find nothing in the regulation above cited which would prevent the Navy from taking the action it did. Plaintiff admitted to the act of sodomy for which he was discharged, and we have no problem regarding lack of confrontation of witnesses or secret evidence of any sort since he admitted the act for which he was discharged.
It follows that in the circumstances of this case no constitutional rights of plaintiff were violated. He was not charged criminally and consequently the safeguards of the Fifth and Sixth Amendments to the Constitution do not come into the picture. In any event plaintiff not only was not charged criminally, but in addition was not twice put in jeopardy for the same offense; was not compelled in a criminal case to be a witness against himself; was not deprived of due process of law; and no property of his was taken for public use without just compensation. He knew the nature of the offense and had the assistance of counsel for his defense. Nor was plaintiff given a punitive discharge as he contends. He was given a general discharge under honorable conditions. A general discharge is not a punitive dis *609 charge. It does not deprive the plaintiff of any inherent rights, and he is eligible for all of the benefits provided veterans who have received honorable discharges. Reed v. Franke, 187 F. Supp. 905 (E.D. Va. 1960), aff’d 297 F. 2d 17 (4 Cir. 1961); Ives v. Franke, 271 F. 2d 469 (D.C. Cir. 1959). Only a court-martial can impose a punitive discharge, and these discharges, i.e., bad conduct and dishonorable, are imposed for punishment. The type of discharge plaintiff received was an administrative discharge with no incumbent penalties.
Plaintiff calls our attention to the fact that the Navy required him to refund a portion of the re-enlistment bonus he had received at the beginning of his second enlistment, and cites this as an example of the penalties assessed against him. However, plaintiff is in error in considering this refund to be penal. This refund is required by the provisions of section 208 of the Career Compensation Act of 1949, as amended, supra, which applies to an individual who receives such a bonus, and then “because of his own misconduct * * *” does not complete his term of re-enlistment. Such an individual is required to refund that portion of the bonus which was based upon the unexpired part of his term of enlistment, because the size of the bonus is determined by the number of years for which he re-enlisted.
Plaintiff further alleges that because of his discharge, the Navy withheld the travel money he normally would have been entitled to for the transportation of his family to his home of record after his discharge. However, section 7011-5 of the Joint Travel Regulations provides that travel allowances will only be denied those personnel who are separated from the service under other than honorable conditions. In addition defendant cites this court to section 1100-2 of the Joint Travel Regulations, which provides that advance payment of transportation allowances for dependents is not authorized, and defendant has assured this court that the only reason plaintiff did not receive his travel allowances must be due to the fact that he did not apply for them upon completion of his family’s journey. Consequently, it would be an unnecessary waste of time and money to provide plaintiff a *610 trial on this issue when all he has to do in order to be paid for this travel is to make proper application therefor.
Finally, plaintiff seeks to support his allegation by stating that he experienced difficulty in obtaining employment after his discharge, and did not, in fact, gain employment until seven months after his discharge. We do not know whether plaintiff’s general discharge under honorable conditions was the primary reason for his difficulty in obtaining employment. However, said alleged difficulty still does not change the character of his discharge. See Bailey v. Richardson, 182 F. 2d 46 (D.C. Cir., 1950) aff’d 341 U.S. 918 by an equally divided court. It should also be noted in this respect that the reason for plaintiff’s discharge was not stated on the face of his discharge certificate.
Originally the Chief of Naval Personnel approved the Enlisted Performance Evaluation Board’s recommendation that plaintiff be issued an undesirable discharge by reason of unfitness. The Chief noted on the recommendation that the discharge was based upon perverted acts with women when, in fact, plaintiff had only been found to have committed one perverted act with a woman during his last enlistment. However, we do not believe this minor discrepancy to be serious enough to warrant a holding that the Navy’s action was arbitrary and capricious. We say this because only one act of sodomy by the plaintiff was sufficient to warrant his discharge. Then too, another hearing by the Enlisted Performance Evaluation Board took place after such determination by the Chief of Naval Personnel, and the Board’s original recommendation was modified by directing that plaintiff be given a general discharge by reason of unfitness, without showing the reason for the discharge on the face of the certificate. As a matter of fact, plaintiff does not raise the issue that plaintiff’s discharge was based on acts other than the one occurring during his last enlistment. In fact, plaintiff in his brief makes this statement: “The Government, in its answer * * *, has admitted that ‘plaintiff’s discharge was based upon an admitted act of oral sodomy with a female prostitute which occurred * * * during his last enlistment * * *.’ ” [Emphasis supplied.] Plaintiff’s sole approach has been the alleged lack of authority for this type of *611 discharge and not because it was based upon some act occurring prior to his second enlistment. In any event, plaintiff must carry the burden of proving that his discharge was based upon acts other than the one occurring in Lisbon. This he has failed to do.
Plaintiff’s final contention is that he was denied his rights to a court-martial. He claims that Article 125 of the Uniform Code of Military Justice, sufra, required that a person charged with sodomy can only be punished in accordance with the Code. He premises his argument on the wording of Article 125 which is as follows: “Any person found guilty of sodomy shall be punished as a court-martial may direct.” We cannot accept plaintiff’s construction of Article 125. A person can only be found guilty of sodomy if he has already stood trial by court-martial and, therefore, it follows that Article 125 requires such individual to be punished as such court-martial may direct. This provision does not require that every person who commits a sodomous act be court-martialed, and it does not preclude the Navy from administratively discharging a person who commits such an act.
Plaintiff next interprets Secretary of the Navy Instruction 1620.1 as requiring that individuals charged with sodomy be given a court-martial if they resist separation from the service, as did plaintiff. This too is an erroneous interpretation by plaintiff. Instruction 1620.1 is entitled “Procedure for Disposition of Cases of Homoseoauality involving Naval Personnel,” and does not refer to sodomy. [Emphasis supplied.] Sodomy can either be a homosexual act or a heterosexual act. In plaintiff’s case, the ground for his discharge was sodomy performed with a female prostitute and, therefore, Instruction 1620.1 does not apply. In this regard it should be noted that Instruction 1620.1 does not state that a court-martial is required when an individual resists separation from service, but merely states that he will be “recommended” for trial by court-martial.
Plaintiff finally argues that the denial of a court-martial was unconstitutional and invalid. He cites for support the following cases: Fannie Mae Clackum v. United States, 148 Ct. Cl. 404, 296 F. 2d 226 (1960); Bland v. Connally, 293 F. 2d 852 (D.C. Cir. 1961); Davis v. Stahr, 293 F. 2d 860 *612 (D.C. Cir. 1961). We believe that these cases are all distinguishable on the ground that they involved instances where the discharged parties were not given their procedural rights to a hearing; were not allowed to face their accusers; or were not made aware of the evidence upon which their discharge was based. In the present case, as stated earlier, the plaintiff himself admitted in written and oral statements to the act which resulted in his being discharged. Therefore, plaintiff was fully aware of the evidence against him and was in effect his own accuser. In addition, the Navy held hearings and otherwise extended to plaintiff appropriate procedural safeguards before authorizing his discharge.
Under the facts and circumstances of this case, we believe that the form of discharge issued plaintiff was warranted and lawful. Thus, plaintiff is not entitled to recover. Plaintiff’s motion for summary judgment is denied, and defendant’s motion is granted. Plaintiff’s petition is dismissed.