**Philip E. FOREST, Appellant,**

**v.**

**Stanley R. RESOR, Secretary of
the Army, Appellee.**

**No. 20494.**

United States Court of Appeals
District of Columbia Circuit.

Argued April 7, 1967.

Decided May 19, 1967.

Petition for Rehearing Denied
June 20, 1967.

Mr. Glenn R. Moody, Jr., Washington, D. C., for appellant.

Mr. Geoffrey M. Alprin, Asst. U. S. Atty., with whom Messrs. David G. Bress, U. S. Atty., Frank Q. Nebeker and Gil Zimmerman, Asst. U. S. Attys., were on the brief, for appellee.

Messrs. Lawrence Speiser and Emmet V. Mittlebeeler, Washington, D. C., filed a brief on behalf of the American Civil Liberties Union, as amicus curiae, urging reversal.

Before BAZELON, Chief Judge, and McGOWAN and ROBINSON, Circuit Judges.

PER CURIAM:

Appellant, an Army officer given a general discharge on honorable conditions, sued in the District Court for reinstatement and back pay. On cross-motions for summary judgment, that of the appellee was granted; and this appeal is from that action.

Appellant seeks reversal here on a narrow ground. It is that the proceedings culminating in his discharge were invalid in their inception, in that no provision was made for his personal participation in the processes of the Removal Selection Board which acted to call his conduct into account by the issuance of a show cause order. Congress has by statute invested appellee with the power to convene a selection board to review the record of an officer and "to determine whether he shall be required, * * * to show cause for his retention on the active list." 10 U.S.C. § 3791. If such an order issues for a selection board and it decides that the matter should go forward, a board of inquiry is convened to receive evidence and to make findings and recommendations. 10

U.S.C. § 3792. A recommendation for removal by a board of inquiry is subject to further review by a board of review appointed by appellee (§ 3793); and removal may be effected by appellee if a board of review so recommends (§ 3794). The statute makes careful and extended provision for notice and opportunity to be heard in person and by counsel before the board of inquiry. 10 U.S.C. § 3795.

■ The statutory course of procedure was adhered to in this case. The Commanding General of the activity to which appellant was assigned—the U. S. Army Intelligence School at Fort Holabird, Maryland—ordered an investigation of his conduct. Appellant was represented by military counsel during this investigation. The report of the investigating officer went to the Commanding General who, in turn, recommended elimination proceedings to the Commanding General of the Second Army. The latter concurred, and the matter was referred to the Department of the Army which submitted it to the Removal Selection Board.[1]

■ Neither by statute nor regulation was appellant given any right to a hearing before the Selection Board; and

1. At oral argument appellant contended that the failure to forward two documents to the Selection Board violated Army Regulations 635–105, para. 13(c), and thereby vitiated his removal under the rule of Vitarelli v. Seaton, 359 U.S. 535, 79 S.Ct. 968, 3 L.Ed.2d 1012 (1959). We do not agree. The regulation on which appellant relies requires the Selection Board to consider the "recommendation for elimination and the overall record of the officer" in determining whether the officer shall be required to show cause for retention at a Board of Inquiry hearing. Paragraph 13(a) of the same regulation makes it clear that the "recommendation for elimination" emanates from the officer's superior. Such a recommendation was made by appellant's commanding officer. Thus, while it is true that an officer who conducted the investigation recommended punitive measures other than elimination, we find nothing in the regulation requiring appellant's commanding officer to include with his recommendation a preliminary recom-

mendation made to him by a staff member which he elected not to follow.

The other document seemingly omitted from the file as transmitted to the Selection Board was a six-page statement made by appellant "in rebuttal or explanation of statements made by witnesses." Here, too, we do not think the regulation requires consideration of such material by the Selection Board, whose function it is to determine whether the case shall proceed to the Board of Inquiry stage. Obviously, evidence in rebuttal or explanation becomes highly relevant when the case reaches the Board of Inquiry, but the record shows that abundant evidence was received and considered by the Board on this score. As we view the statutory and regulatory scheme, the function of the Selection Board is not unlike that of a grand jury. It merely determines whether the officer should be brought before a Board of Inquiry for a hearing on alleged misconduct as his superiors have recommended.

we do not think that, in constitutional or other terms, he was entitled to insist upon one. The Selection Board appears, in the view of Congress, to have been the final stage in the internal processes of the military by which an officer is placed on trial as to his fitness to continue as an officer. That trial itself was envisaged by Congress as taking place before the Board of Inquiry, and explicit provision was made for a "fair and impartial" hearing. Brown v. Gamage, —— U.S.App.D.C. ——, 377 F.2d 154, decided March 30, 1967.

■ While the statute authorizes commencement of such proceedings by issuance of a show cause order, a dis-

tinction must be made between a procedure whereby the burden of showing suitability for retention is placed on an officer where the facts are not in dispute, and one where the burden of disproving disputed factual allegations is placed on the accused. In this case, where the facts were not in dispute, we find no infirmity in the course followed; and we have no occasion to examine the adequacies of those procedures for other purposes. On this record we hold only that the failure by Congress and appellee to provide appellant with an opportunity to produce evidence and to be heard before the Selection Board did not fatally infect his eventual separation.[2]

Affirmed.

---

2. At oral argument there was pending before us appellant's motion to strike the brief of *amicus* American Civil Liberties Union, which had earlier been filed with the consent of all parties. Appellant's strictures upon this brief apparently focus mainly upon its suggestion that appellant's prayer for relief be altered so as to seek correction of the military records to reflect an honorable discharge, rather than reinstatement. See Harmon v. Brucker, 355 U.S. 579, 78 S.Ct. 433, 2 L. Ed.2d 503 (1958). In the light of our construction of the issues tendered us by appellant and the disposition we make of his appeal, the motion to strike is granted; and we disclaim any intention to canvass on this record the questions raised by *amicus*.