455 F.2d 945
 George J. CROWE, Plaintiff-Appellant,
v.
Honorable Clark CLIFFORD, Secretary of Defense of the United
States of America, Stanley R. Resor, Secretary of
the Army, and United States of America,
Defendants-Appellees.
 No. 71-1291.
 United States Court of Appeals,
Sixth Circuit.
 Feb. 24, 1972.
 
 William T. Roper, Chattanooga, Tenn. (Court Appointed), Manly A. Watson, Chattanooga, Tenn., on brief, for plaintiff-appellant.
 Jerry Foster, Asst. U. S. Atty., Chattanooga, Tenn., John L. Bowers, Jr., U. S. Atty., Chattanooga, Tenn., on brief, for defendants-appellees.
 Before EDWARDS and PECK, Circuit Judges, and McALLISTER, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 This is an appeal from the United States District Court for the Eastern District of Tennessee, Southern Division. Appellant had filed a complaint alleging that his discharge from the United States Army under conditions "other than honorable" was arbitrary, capricious and not founded upon substantial evidence. He sought restoration to his former rank of Captain, back pay and $10,000 in damages. After a full evidentiary hearing, the District Judge entered detailed findings of fact and conclusions of law and dismissed the complaint, holding that the Army procedures which resulted in Captain Crowe's discharge had comported with the applicable statutes and constitutional provisions so far as the latter applied to Army discharge matters, and that the evidence adduced before him, including a review of the Army record developed in the discharge proceedings, did constitute substantial evidence to support the discharge.
 
 
 2
 We have now reviewed the briefs filed by appellant and by appellee, the record developed in the District Court, and the record of the Army proceedings which led to Captain Crowe's discharge. We, too, are persuaded that there was substantial evidence to support the findings and recommendation entered by the Army Board of Inquiry.
 
 
 3
 The evidence pertaining to Captain Crowe's problems with alcohol was alone sufficient to support the finding of the District Judge that the Army's action was based upon substantial evidence.[1] This is particularly true in view of the fact that at the time of the events detailed in this record, Captain Crowe had a top security clearance on an assignment with NATO in a foreign country.
 
 
 4
 Many of the issues sought to be raised on this appeal are simply not applicable to the limited review of appointment and discharge cases concerning officers in the military service of the United States. See generally Harmon v. Brucker, 355 U.S. 579, 78 S.Ct. 433, 2 L.Ed.2d 503 (1958); Orloff v. Willoughby, 345 U.S. 83, 73 S.Ct. 534, 97 L.Ed. 842 (1953); French v. Weeks, 259 U.S. 326, 42 S.Ct. 505, 66 L.Ed. 965 (1922); Van Bourg v. Nitze, 128 U.S.App.D.C. 301, 388 F.2d 577 (1967); Forest v. Resor, 127 U.S.App.D.C. 7, 379 F.2d 881 (1967); Brown v. Gamage, 126 U.S.App.D.C. 269, 377 F.2d 154, cert denied, 389 U.S. 858, 88 S.Ct. 103, 19 L.Ed.2d 125 (1967).
 
 
 5
 No claim is advanced that the Army failed to follow the elimination procedures authorized by 10 U.S.C. ch. 360 and Army Regulation 635-105. And Appellant's suggestions that these procedures do not comport with federal constitutional provisions requiring confrontation of witnesses, and federal court rulings strictly limiting the admissibility of hearsay evidence miss the point that these principles which govern criminal trials are not applicable to administrative discharge hearings of the nature of the present case. See Brown v. Gamage, 126 U.S.App.D.C. 269, 377 F.2d 154, cert. denied, 389 U.S. 858, 88 S.Ct. 103, 19 L.Ed.2d 125 (1967). For the same reason appellant's reliance on the double jeopardy clause is inappropriate.
 
 
 6
 Appellant also complains that four exhibits of the report of the original investigating officer were not made available to him. However, as the District Judge found, two of these exhibits were declassified and made available in summary form to appellant and his counsel, and an opportunity was given for submission of additional testimony to rebut them. Appellant, however, did not elect to present additional testimony. As to the other two classified exhibits, they were removed from the file and were not considered by the Removal Selection Board, the Board of Inquiry, or any later reviewing authority. 10 U.S.C. Sec. 3795(4) (Cum.Supp.1971).
 
 
 7
 The judgment of the District Court is affirmed.
 
 
 
 [1]
 See Trial Exhibit 4 (Exhibits C and Q, Report of Investigation) and Trial Exhibit 3 (Government Exhibit 8, Record of Board of Investigation)