608 F.2d 750
 CONFEDERATED TRIBES AND BANDS OF the YAKIMA INDIAN NATION, Appellants,
v.
STATE OF WASHINGTON, COUNTY OF YAKIMA, Dixy Lee Ray as
Governor of the State of Washington and Individually, Les
Conrad, Graham Tollefson and Charles Rich as County
Commissioners and Individually, Appellees.
 No. 74-1225.
 United States Court of Appeals,
Ninth Circuit.
 Nov. 2, 1979.
Rehearing Denied Dec. 10, 1979.
 
 James B. Hovis, Yakima, Wash., for appellants.
 Malachy R. Murphy, Deputy Atty. Gen., Olympia, Wash., Robert N. Hackett, Jr., Yakima, Wash., for appellees.
 Appeal from the United States District Court for the Eastern District of Washington.
 Before HUFSTEDLER, MOORE,* and WRIGHT, Circuit Judges.
 PER CURIAM:
 
 
 1
 Upon remand from the Supreme Court (Washington v. Confederated Bands and Tribes of the Yakima Indian Nation, 439 U.S. 463, 99 S.Ct. 740, 58 L.Ed.2d 740 (1979), the Yakima Indian Nation asks us (1) to invalidate Washington's assumption of jurisdiction, without tribal consent, on the grounds that the assumption impaired an obligation of contract protected by Article I, Section 10 of the Federal Constitution and that the assumption, without repeal of the disclaimer clause in Washington's Constitution, deprived it of due process secured by the Fourteenth Amendment; (2) to invalidate Pub.L. 83-280, as applied to the Yakima Nation, on the ground that permission thus granted to Washington to assume jurisdiction over the Yakima Nation was an unconstitutional delegation of legislative power; and (3) to vacate that portion of the district court's judgment declaring that Washington's jurisdiction over the Yakima Tribe under Pub.L. 83-280, was "exclusive."
 
 
 2
 * The Supreme Court held that Washington was not required to amend its Constitution before it could validly legislate to assume jurisdiction under the authority of Pub.L. 83-280. The Yakima Nation presents us with two new contentions seeking to invalidate the Washington Legislature's overriding the jurisdictional disclaimer in the Washington State Constitution. Its first theory is that Washington's failure to follow the appropriate procedure to amend Washington's constitutional disclaimer violates the treaty rights of the Yakima Nation and thus impairs the Yakima Nation's rights secured by the contract clause of the Federal Constitution, Article I, Section 10. This argument has two prongs. First the Yakima Nation urges that the State of Washington in enacting legislation in derogation of the disclaimer clause of the Washington Constitution impaired its treaty rights in violation of the contract clause of the Federal Constitution. The second prong is the argument that congressional authorization to assume jurisdiction over the Yakima Nation by legislation rather than by constitutional amendment infringed its rights secured by the contract clause of the Federal Constitution. In this later aspect, the Yakima Nation challenges the constitutionality of Pub.L. 83-280.
 
 
 3
 The Yakima Nation's second theory is that Washington's legislative assumption of jurisdiction over the Tribe, in derogation of Washington's disclaimer under its Constitution, violated procedural due process of law secured to it by the Federal Constitution.
 
 
 4
 It is unnecessary for us to do more than identify the Yakima Nation's two constitutional theories because these constitutional contentions are not properly before this court. Neither contention was raised in the district court, and we therefore decline to reach either issue. (E. g., Hormel v. Helvering, 312 U.S. 552, 61 S.Ct. 719, 85 L.Ed. 1037 (1941); Frommhagen v. Klein, 456 F.2d 1391 (9th Cir. 1972).)
 
 II
 
 5
 The Yakima Nation argues that Pub.L. 83-280, as applied to permit Washington to assume jurisdiction by legislative action, rather than by constitutional amendment, without tribal consent, is an unconstitutional delegation of Congress' legislative power. In briefest compass, the Yakima Nation contends that Congress gave the Washington Legislature "a blank check" to intrude into internal tribal affairs. The Supreme Court has implicitly, and to some extent explicitly, rejected the argument that Pub.L. 83-280 delegated to the State of Washington unfettered authority to assume jurisdiction over the Yakima Nation. The Supreme Court said:
 
 
 6
 ". . . A State that has accepted the jurisdictional offer in Pub.L. 280 in a way that leaves substantial play for tribal self-government, under a voluntary system of partial jurisdiction that reflects a responsible attempt to accommodate the needs of both Indians and non-Indians within a reservation, has plainly taken action within the terms of the offer made by Congress to the States in 1953. For Congress surely did not deny an option State the power to condition its offer of full jurisdiction on tribal consent."
 
 
 7
 (439 U.S. at 499, 99 S.Ct. at 760.)
 
 
 8
 The Yakima Nation at least implies that Congress did not have constitutional power to grant authority to Washington to assume jurisdiction over it in accordance with the legislative scheme embodied in Pub.L. 83-280. The Yakima Nation's reasoning is difficult to follow, but, as we understand it, the contention is that Congress' failure to spell out the details of the partial jurisdiction that a state could assume without tribal consent is an unconstitutional delegation of power because it permitted Washington to invade the inherent sovereign powers of the tribes. The argument is legally frivolous because the Supreme Court has rejected the premise of the argument. (United States v. Wheeler, 435 U.S. 313, 323, 98 S.Ct. 1079, 1086, 55 L.Ed.2d 303 (1978) ("The sovereignty that the Indian tribes retain is of a unique and limited character. It exists only at the sufferance of Congress and is subject to complete defeasance."); Lone Wolf v. Hitchcock, 187 U.S. 553, 23 S.Ct. 216, 47 L.Ed. 299 (1903). Accord: Anderson v. Gladden, 293 F.2d 463 (9th Cir. 1961).)
 
 III
 
 9
 The district court held that "(t)he jurisdiction exercised by the State of Washington over plaintiff tribe and its members by enactment of RCW 37.12.010 is exclusive of that of either the federal government or the plaintiff tribe." As Washington recognizes, the district court's holding on this point cannot survive the Supreme Court's decision. That portion of the district court's judgment is vacated.
 
 
 10
 The cause is remanded to the district court for further proceedings consistent with the views expressed by the Supreme Court.
 
 
 
 *
 Honorable Leonard P. Moore, United States Circuit Judge, Second Circuit, sitting by designation