## HARMON *v.* BRUCKER, SECRETARY OF THE ARMY.

No. 80. Argued January 14–15, 1958.—Decided March 3, 1958.

*David I. Shapiro* argued the cause and filed a brief for petitioner in No. 80.

*Victor Rabinowitz* argued the cause for petitioner in No. 141. With him on the brief was *Leonard B. Boudin.*

*Donald B. MacGuineas* argued the cause for respondent. On the brief were *Solicitor General Rankin, Assistant Attorney General Doub, Samuel D. Slade, B. Jenkins Middleton* and *George W. Hickman, Jr.,* Judge Advocate General of the Army.

Briefs of *amici curiae* were filed by *Carl Rachlin* for the Workers Defense League in No. 80, and *Ben Margolis* and *John T. McTernan* for the Servicemen's Defense Committee in Nos. 80 and 141.

PER CURIAM.

The Secretary of the Army, relying upon 10 U. S. C. § 652a (Act of June 4, 1920, § 1, subch. II, 41 Stat. 809, as amended) and 38 U. S. C. § 693h (Act of June 22, 1944, 58 Stat. 286, as amended), and upon Department of Defense and Army Regulations deemed to be authorized by those statutes, discharged petitioners from the Army and issued to each of them a discharge certificate in form other than "honorable." In so doing, he took into account preinduction activities of petitioners rather than basing his action exclusively upon the record of their military service. After having exhausted available administrative remedies, petitioners separately brought these proceedings in the District Court seeking judgments declaring those determinations and actions of the Secretary to be void as in excess of his powers under the circumstances, and directing him to issue "honorable" discharge certificates to them. Being of the view that it was without jurisdiction to consider the actions, the District Court dismissed them, 137 F. Supp. 475, and the Court of Appeals affirmed, with one judge dissenting, 100 U. S. App. D. C. 190, 256, 243 F. 2d 613, 834. We granted certiorari, 353 U. S. 956 and 354 U. S. 920.

The respective contentions made here may be summarized as follows:

(1) Petitioners contend (a) that the Secretary acted in excess of his powers, because the statutes referred to did not authorize, nor support Department of Defense and Army Regulations when taken to authorize, consideration of petitioners' preinduction activities in determining the type of discharges to be issued to them upon

separation from the Army, and (b) that the action of respondent in issuing to them less than "honorable" discharges, and the action of the District Court and of the Court of Appeals in refusing review for what they thought was lack of judicial power, deprived petitioners of due process under the Fifth Amendment, and of a judicial trial under the Sixth Amendment, of the Constitution;

(2) Respondent contends (a) that by 10 U. S. C. § 652a, Congress required that, upon separation from the Army, a former soldier be given "a certificate of discharge, . . . in the manner prescribed by the Secretary of the Department of the Army . . ."; (b) that, inasmuch as all certificates of discharge are not required to be "honorable" ones, he was authorized to, and did, prescribe various types of discharge certificates running the gamut from the accolade of "Honorable discharge" to the odious "Dishonorable discharge"; (c) that by 38 U. S. C. § 693h, Congress directed the establishment of an Army Review Board with power to review, upon its own motion or that of the former soldier, the type of discharge issued, and "to change, correct, or modify any discharge or dismissal, and to issue a new discharge in accord with the facts presented to the board," and prescribed that "the findings thereof [shall] be final subject only to review by the Secretary of the Army"; (d) that the findings of the Board, made under those procedures so afforded to and availed of by petitioners, were *final* subject only to review by the Secretary of the Army; and (e) that, therefore, such administrative procedure is exclusive and the courts are without jurisdiction to review those findings.

In keeping with our duty to avoid deciding constitutional questions presented unless essential to proper disposition of a case, we look first to petitioners' nonconstitutional claim that respondent acted in excess of powers granted him by Congress. Generally, judicial relief is available to one who has been injured by an act

of a government official which is in excess of his express or implied powers. *American School of Magnetic Healing* v. *McAnnulty,* 187 U. S. 94, 108; *Philadelphia Co.* v. *Stimson,* 223 U. S. 605, 621–622; *Stark* v. *Wickard,* 321 U. S. 288, 310. The District Court had not only jurisdiction to determine its jurisdiction but also power to construe the statutes involved to determine whether the respondent did exceed his powers. If he did so, his actions would not constitute exercises of his administrative discretion, and, in such circumstances as those before us, judicial relief from this illegality would be available. Moreover, the claims presented in these cases may be entertained by the District Court because petitioners have alleged judicially cognizable injuries. Cf. *Joint Anti-Fascist Refugee Committee* v. *McGrath,* 341 U. S. 123, 159, 160, and see Army Regulation 615–360, par. 7.

This brings us to the merits. The Solicitor General conceded that if the District Court had jurisdiction to review respondent's determinations as to the discharges he issued these petitioners and if petitioners had standing to bring these suits, the action of respondent is not sustainable. On the basis of that concession and our consideration of the law and this record we conclude that the actions of the Secretary of the Army cannot be sustained in law. By § 652a, which provides that no person be discharged from military service "without a certificate of discharge," Congress granted to the Secretary of the Army authority to issue discharges. By § 693h it provided for review by the Army Review Board of the exercise of such authority. Surely these two provisions must be given an harmonious reading to the end that the basis on which the Secretary's action is reviewed is coterminous with the basis on which he is allowed to act. Section 693h expressly requires that the findings of the Army Review Board "shall be based upon all available records of the [Army] relating to the person requesting such

review . . . ." We think the word "records," as used in the statute, means *records of military service,* and that the statute, properly construed, means that the type of discharge to be issued is to be determined solely by the soldier's military record in the Army. An authoritative construction of the congressional grant of power is to be found in the regulations of the Department of the Army. Army Regulation 615–375, par. 2 (b) states: "The purpose of a discharge certificate is to record the separation of an individual from the military service and *to specify the character of service rendered during the period covered by the discharge."* (Emphasis supplied.) Moreover, the Army's Regulation 615–360, par. 7 (which was in effect during the times here involved), further states: "Because the type of discharge may significantly influence the individual's civilian rights and eligibility for benefits provided by law, it is essential that all pertinent factors be considered *so that the type of discharge will reflect accurately the nature of service rendered. . . ."* (Emphasis supplied.)

The judgments of the Court of Appeals are reversed and the cases are remanded to the District Court for the relief to which petitioners are entitled in the light of this opinion.

*Reversed.*

MR. JUSTICE CLARK, dissenting.

I would affirm these cases on the basis of Judge Prettyman's opinion in the Court of Appeals. *Harmon* v. *Brucker,* 100 U. S. App. D. C. 190, 243 F. 2d 613. Since this Court does not reach the constitutional claims considered and rejected by Judge Prettyman, however, it is appropriate to add a word about the Court's basis for asserting jurisdiction and reversing on the merits, namely, the finding that the action of the Secretary of the Army was in excess of his statutory authority.

At the outset it is well to state what Harmon and Abramowitz, petitioners in these cases, do *not* contend. They do not contest the decision that their retention in the Army was inconsistent with national security, nor do they claim that the procedures adopted violated their legally protected rights. They concede the Army "an absolute right to discharge," but object to issuance of discharge certificates that reflect the determinations underlying the fact of their discharges, insisting that the Secretary be required to issue them honorable discharges. The controversy thus is confined to the type of discharge certificate that may be issued to servicemen discharged because of preinduction activity deemed to render them undesirable security risks.

Throughout our history the function of granting discharge certificates has been entrusted by the Congress to the President and, through him, to the respective Secretaries of the Armed Forces. At no time until today have the courts interfered in the exercise of this military function.[1] The lack of any judicial review is evidenced by the fact that for over 70 years Congress itself reviewed military discharges and frequently enacted private bills directing the appropriate Secretary to correct the type of discharge certificate given. By legislation in 1944 and 1946, Congress authorized creation of administrative boards to which it transferred the review of military discharges[2] in an effort to conserve its own time.[3] That legislation makes no provision for judicial review; on the contrary, the 1944 Act expressly states that the findings of the Army Discharge Review Board shall be "final sub-

---

[1] See the numerous cases cited by Judge Prettyman in support of this conclusion. 100 U. S. App. D. C., at 195, 243 F. 2d, at 618.

[2] Servicemen's Readjustment Act of 1944, § 301, 58 Stat. 286, 38 U. S. C. § 693h; Legislative Reorganization Act of 1946, § 207, 60 Stat. 837, as amended, 65 Stat. 655, 5 U. S. C. § 191a.

[3] S. Rep. No. 1400, 79th Cong., 2d Sess. 7.

ject only to review by the Secretary of [the Army]," and the 1946 Act, as amended in 1951,[4] expressly provides that the determination of the Board to Correct Military Records shall be "final and conclusive on all officers of the Government except when procured by means of fraud." When this legislative expression of finality is viewed in context with the uninterrupted history of congressional review, culminated by Congress' transfer of the review function to administrative bodies, it cannot be said, in the absence of specific legislative grant, that Congress intended to permit judicial review.[5] The Court avoids these considerations by positing jurisdiction to review simply on its determination that the Secretary's action exceeded his statutory authority.

In reaching this exceptional position, the Court construes § 693h of the 1944 Act, *supra,* which provides that review of discharges shall be based on "all available records" of the department involved, to include not "all available records" of the Army concerning petitioners, but merely those *"solely* [concerned with] the soldier's military record in the Army." (Emphasis added.) This limitation of the clear meaning of the words used by the Congress—so that "all" is deemed to mean "some"—is lacking of any justification.

The construction adopted does enable the Court to by-pass the constitutional questions raised by petitioners. It is true that we avoid decision of constitutional ques-

---

[4] 65 Stat. 655, 5 U. S. C. § 191a.

[5] Neither the Court nor petitioners claim that the review provisions of the Administrative Procedure Act, 60 Stat. 237, 5 U. S. C. § 1001 *et seq.,* have any application to these cases. Parenthetically, the Selective Service Act of 1948, which authorizes promulgation of regulations covering discharges prior to expiration of the regular service period, 62 Stat. 606, 50 U. S. C. App. § 454 (b), specifically states, "All functions performed under this title . . . shall be excluded from the operation of the Administrative Procedure Act . . . ." 62 Stat. 623, 50 U. S. C. App. § 463 (b).

tions "unless essential to proper disposition of a case." But as I see it, this rule should never compel a transparently artificial construction of a statute. The Court's interpretation here of § 693h must leave both the President and the Congress in a quandary as to the solution of an important problem involving the security of our country.

It is to be regretted that the Justice Department and the Army are at loggerheads over the proper disposition of these cases on the merits. However, the frank confession thereof by the Solicitor General is hardly sufficient reason to abandon our long-established policy of no review in such matters. If injustice has been done I have confidence in the Congress or the President to correct it. The proper recourse of petitioners is in that direction.[6]

Judge Prettyman aptly stated: "Surely the President may apply to military personnel the same program and policies as to security and loyalty which he applies to civilian personnel . . . . [I]f [Harmon] can be discharged as a security risk, the Army can determine whether he is or is not a security risk. And in that determination surely no data is more relevant and material than are his [preinduction] habits, activities and associations." 100 U. S. App. D. C., at 197, 243 F. 2d, at 620. The same type of data is commonly accepted among civilian agencies as relevant to the security screening of its employees. Those agencies also issue discharges in the form of severance papers based upon, and frequently reciting, security grounds. Such papers reflect the true condition upon which the discharge is made. It seems incongruous to me that the military services should not be able to do as much. I would not require the Secretary to issue a discharge certificate which on its face falsifies the real grounds for its issuance.

---

[6] See *Orloff* v. *Willoughby*, 345 U. S. 83, 93–94 (1953).