**Sam GIANCANA, Plaintiff-Appellee,**

v.

**J. Edgar HOOVER, Director, etc.,
Defendant-Appellant.**

**No. 14272.**

United States Court of Appeals
Seventh Circuit.

July 26, 1963.

As Amended Aug. 19, 1963.

Annette L. Rooz, San Francisco, Cal., for appellant.

Stanley Mosk, Atty. Gen. of California, Albert W. Harris, Jr., and Robert R. Granucci, Deputy Attys. Gen., San Francisco, Cal., for appellee.

Before MADDEN, Judge of the Court of Claims, and HAMLEY and BROWNING, Circuit Judges.

790

George N. Leighton, Chicago, Ill., for plaintiff-appellee.

James P. O'Brien, U. S. Atty., John Peter Lulinski and Thomas W. James, Asst. U. S. Attys., Chicago, Ill., for defendant-appellant.

Before SCHNACKENBERG and KILEY, Circuit Judges.

PER CURIAM.

1. The amended complaint bases jurisdiction on the fourth and fifth amendments to the United States constitution.

However, 28 U.S.C.A. § 1331 provides that the district courts shall have original jurisdiction of all civil actions wherein the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and arises under the Constitution, laws, or treaties of the United States.

■ The amended complaint has no allegation showing that the matter in controversy exceeds the sum or value of $10,000, and the district court made no finding of fact or conclusion of law in this case that such sum or value was involved. A failure of jurisdiction appears on the face of the amended complaint. McNutt v. General Motors Acceptance Corporation, 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135. Hague v. C. I. O., 307 U.S. 496, 59 S.Ct. 954, 83 L.Ed. 1423.

2. Quite aside from reliance on the United States constitution, plaintiff purportedly relies on 28 U.S.C.A. § 1343(4), which provides:

"(4) To recover damages or to secure equitable or other relief *under any Act of Congress* providing for the protection of civil rights, including the right to vote." (Italics supplied.)

■ In addition, 28 U.S.C.A. § 1343 would confer jurisdiction only where civil rights statutes are involved. 42 U.S.C.A. § 1981 et seq. As pointed out by Judge Kiley on oral argument, no act of Congress has been relied upon by plaintiff. Hence, obviously, § 1343(4) does not support jurisdiction here.

■ 3. Defendants in the case at bar are a part of the executive department of the United States and they are not subject to supervision or direction by the courts as to how they shall perform the duties imposed by law upon them. This does not mean that they can go into areas in which they have no legal right to act, as shown by Harmon v. Brucker, 355 U.S. 579, 78 S.Ct. 433, 2 L.Ed.2d 503, relied on by plaintiff herein. The courts will not assume to supervise and direct the manner in which members of the executive department shall proceed to perform their responsibilities. That would be an unwarranted interference and intrusion upon the discretion vested in this case, for instance, in the director of the Federal Bureau of Investigation.

For these reasons the preliminary injunction granted by the district court should be stayed pending further review thereof by this court.