William J. GASTALL, Plaintiff,

v.

Stanley R. RESOR, Secretary of the
Army, Defendant.

Civ. A. No. 68–1021.

United States District Court,
D. Massachusetts.

June 30, 1971.

Harold Rosenwald, Goldman, Goldman,
Curtis, Cashman & Rosenwald, Boston,
Mass., for plaintiff.

Herbert F. Travers, Jr., U. S. Atty.,
Mary M. Brennan, Asst. U. S. Atty., for
defendant.

## MEMORANDUM

FRANK J. MURRAY, District Judge.

This is an action in the nature of man-
damus under 28 U.S.C. § 1361 by plain-
tiff who was discharged from the Army
as undesirable after being reduced in
rank from Private, pay grade E–2 to
Private, pay grade E–1. He seeks to
have defendant ordered to reconsider his
application for correction of his military
record. He also seeks to have his dis-
charge and reduction in grade declared
invalid. His enlistment began April 30,
1961. Before filing the action, plaintiff
exhausted all available administrative
remedies to secure the relief sought.
Defendant moved for summary judg-
ment. The court heard the case on the
motion and testimony offered by plain-
tiff.

On December 17, 1962 plaintiff's com-
manding officer at Fort Devens, Massa-
chusetts, initiated administrative proce-

dures for plaintiff's discharge [1] under Army Regulation 635–208 (AR 635–208). A Board of Officers was convened, heard testimony, determined plaintiff was unfit for retention in the service and recommended he be given an undesirable discharge. Plaintiff shows (1) that he had requested the Army to furnish him an attorney to assist him at the hearing, (2) that the request was denied on the ground that *no* member of the Judge Advocate General's Corps was reasonably available to represent plaintiff, and (3) that the Army assigned Second Lieutenant Morgan of the Medical Service Corps, who held a bachelor's degree in pharmacy and had no legal education or training.

Plaintiff claims the assignment of Lieutenant Morgan by the Army was not the assistance of counsel to which he was entitled under the Sixth Amendment. He contends he had the right to counsel when faced with the possibility of an undesirable discharge, a punitive sanction. Bland v. Connally, 110 U.S.App.D.C. 375, 293 F.2d 852 (1961). He further contends the Army was required to furnish to him counsel in compliance with its own regulation, AR 635–208, and that pursuant thereto assigned counsel, if not a lawyer, must be

> an experienced officer of mature judgment who is fully aware of his responsibility to prepare and present the respondent's case.

AR 635–208 ¶ 11b(3).

It is not necessary to consider whether plaintiff's Sixth Amendment rights were violated as he claims, for the court is satisfied the Army failed to observe its own regulations in assigning Lieutenant Morgan to represent him, Harmon v. Brucker, 355 U.S. 579, 78 S. Ct. 433, 2 L.Ed.2d 503 (1958), and, therefore, the discharge and reduction cannot stand. Not only is there nothing in the evidence to show that the Army could not furnish qualified counsel from among those of the Judge Advocate General's Corps at Fort Devens, there is also nothing to justify a finding that Lieutenant Morgan was qualified to act in the role of counsel for plaintiff then facing the possibility of a punitive sanction. While AR 635–208 draws the distinction between a qualified lawyer and an alternate therefor, yet the nature of the proceeding against the respondent and the gravity of the charge facing him at the very least must be considered when the Army pursuant to the regulation assigns one other than a lawyer. There is nothing to show that Lieutenant Morgan had ever attended any disciplinary hearings held by the Army, or had participated in any role, either as advisor or otherwise to one facing a disciplinary charge. The evidence is completely without basis to support a finding that Lieutenant Morgan was an officer of mature judgment in matters related to disciplinary charges, procedure or hearings, or that he had any education or training in the legal aspects

---

1. The report filed by plaintiff's Commanding Officer on December 17, 1962 states that plaintiff was absent from duty without leave on five separate occasions between November 17, 1961 and December 3, 1962.

Plaintiff in the hearing before the Board of Officers tried several times to explain what prompted his conduct. Essentially he was opposed to the military on religious and philosophical grounds. At one point, the following colloquy developed between plaintiff and the President of the Board:

> PRES: Do you consider yourself a conscientious objector to military service?
> WIT: Oh, yes, sir, I definitely am. Yes, sir, I am.

> PRES: How long have you considered yourself in this category?
> WIT: I'd say the beginning of last year, which would be about ten months after I joined the Service, and I never said anything about it because I had this contrast of my duty to society, and my values, and through a period of months, I went along thinking that I didn't have the right as an individual to protest or to follow what I know is right.
> After a period of months, it became— I just knew that I had no choice, even if I had one day left in the Service, it was a matter of doing what I know is right. It's as simple as that. * *

Exhibit No. 1, p. 18.

of the Army's disciplinary measures, or that he had the skills, natural or acquired, of argumentation. This is no intended criticism of the Lieutenant. For aught that appears he sincerely wished to help plaintiff, and was sympathetic to him. But such attitudes will not serve to substitute for the education, training and skills required to meet the Army's own regulation, that the substitute for a qualified lawyer must be "an experienced officer of mature judgment * * * fully aware of his responsibility to prepare and present the respondent's case". AR 635–208 ¶ 11b(3). The responsibility of the Army to observe AR 635–208 was not complied with in the disciplinary proceeding which threatened plaintiff with the stigma of an undesirable discharge, particularly where he offered a defense against the complaint.

A judgment shall be entered declaring plaintiff's undesirable discharge and reduction in grade invalid, and directing defendant to cause plaintiff's application for the correction of his record to be reconsidered consistent with this memorandum.