Laurence H. FROMMHAGEN,
Plaintiff-Appellant,

Harold P. KLEIN, as Assistant Director for Life Sciences at the Ames Research Center of the National Aeronautics and Space Administration, et al., Defendants-Appellees.

No. 25391.

United States Court of Appeals, Ninth Circuit.

March 13, 1972.

As Modified on Denial of Rehearing April 5, 1972.

7. See discussion in 2A Moore's Federal Practice, 2nd ed. ¶ 8.30, pp. 1881, 2.

**1392**

Laurence H. Frommhagen (argued), in pro. per., Herbert W. Yanowitz, San Francisco, Cal., for plaintiff-appellant.

Peter V. Shackter, Asst. U. S. Atty (argued), James L. Browning, Jr., U. S. Atty., Sheldon Deutsch, Asst. U. S. Atty., San Francisco, Cal., for defendant-appellee.

Before ELY, TRASK and GOODWIN, Circuit Judges.

TRASK, Circuit Judge:

This is an appeal from an order of the district court granting a motion for summary judgment on behalf of the defendants, appellees herein, in plaintiff's action seeking reinstatement to his position as an employee of the National Aeronautics and Space Administration (NASA), a declaration that he was entitled to remain at his job pending the outcome of his administrative appeal, and damages. The jurisdiction of the district court was based upon 28 U.S.C. § 1346(a) (2), this being essentially a claim for compensation against the United States based on an executive order. Jurisdiction here is conferred under 28 U.S.C. § 1291.

On July 26 1968, Harold Klein, Assistant Director for Life Sciences at the Ames Research Center of NASA, notified appellant Frommhagen, that it had been proposed to terminate Frommhagen's employment, and stated the reasons for the proposed termination as well as Frommhagen's right to answer. In a letter dated August 29, 1968, Klein notified appellant that his employment would terminate on September 6, 1968. On September 20, 1968, Frommhagen appealed the termination to the management of NASA and to the Director of Ames. Klein declined Frommhagen's request in his Notice of Appeal to be reinstated for the duration of the administrative appeal in accordance with appellant's interpretation of Section 3(8) of Executive Order No. 10987, 3 C.F.R. 1959–1963 Compilation 519, 5 U.S.C. § 7501 (1970). Frommhagen then brought suit in district court seeking an order reinstating him pending the outcome of his administrative appeal, for a declaratory judgment and damages. The district court granted NASA's motion for summary judgment on the ground that Executive Order No. 10987, does not require the National Aeronautics and Space Administration to retain an employee in his position pending the outcome of his administrative appeal. We affirm the district court action.

Appellant argues that:

1. NASA officials have violated Executive Order No. 10987 § 3(8) by refusing to keep him in his position pending the outcome of his administrative appeal.[1]

2. The above refusal also constitutes a denial of the equal protection of the law since postal employees are afforded that right.

It is well established that judicial review of administrative agency determinations is limited to an examination of whether the required procedural steps have been substantially complied with or whether the agency action has been arbitrary or capricious. Seeback v. Cullen, 338 F.2d 663 (9th Cir. 1964), cert. denied, 380 U.S. 972, 85 S.Ct. 1331, 14 L.Ed.2d 268 (1965). In the present case we must determine what the procedural requirements are in removing an employee from an administrative agency, and in particular whether a discharged employee must be retained and paid pending the outcome of his administrative appeal from such adverse action.

In pressing his appeal, the appellant relies primarily on the language of Section 3(8) which states that the employee "shall be assured of a reasonable amount of official time to present his appeal." He equates "official time" with "employed time" and urges that he must remain employed until the appeal is finally determined. Since there is no legislative history and little case law to shed light upon this language, we proceed to a close examination of the regulations passed pursuant to Executive Order No.

10987 to ascertain whether they provide any solution.

We turn our attention first to the procedures followed prior to the effective date of discharge, September 6, 1968. The first notice to appellant of an intention to remove him was the notice from the defendant, Harold P. Klein, Assistant Director, dated July 26, 1968. He began:

"1. In accordance with United States Civil Service Commission regulation Part 742, sub-part b (FPM Supplement 990–1), you are advised that it is proposed to effect your removal from your position of senior research scientist, GS–14, Life Detection Systems Branch, Exobiology Division with Ames Research Center, not earlier than thirty (30) calendar days from the date of your receipt of this notice. This proposed adverse action is based on reasons stated in paragraphs 2 through 10 of this letter."[2] The letter continued through eight pages with a detailed item by item statement of the reasons for the proposed action.

5 C.F.R. § 752.202(a) (1969) (promulgated 33 Fed.Reg. 12491, Sept. 4, 1968), as amended, 5 C.F.R. § 752.202(a) (1971) states that an employee against whom adverse action is sought is entitled to at least thirty days advance written notice stating reasons for the proposed action. The letter of July 26, 1968, meets that requirement. This thirty-day period is the "notice period." Section 752.202(b) continues by stating that an employee who has been given notice of adverse action, is entitled to a

1. Section 3(8) of Executive Order No. 10987, 3 C.F.R. 1959–1963 Compilation 519, 5 U.S.C. § 7501 (1970), dated January 17, 1962, provides in pertinent part:

"Section 3. The Civil Service Commission in issuing regulations and the departments and agencies in developing an appeals system shall be guided by the following principles:

\* \* \* \* \*

"(8) The employee shall be assured of a reasonable amount of official time to present his appeal."

2. The wording and numbering of the Civil Service Commission Regulations published in the Federal Personnel Manual Supplement appear to be identical with those published in the Code of Federal Regulations. Appellant does not contest the applicability of the regulations relied upon which were apparently enacted pursuant to Section 2, Executive Order No. 10987, 3 C.F.R. 1959–1963 Compilation 519, 5 U.S.C. § 7501 (1970). Our references are to the regulations, as published in the Code, in effect during the administrative proceedings.

reasonable time to answer. Of particular interest is Section 752.202(d) which provides that:

"[A]n employee against whom adverse action is proposed is entitled to be retained in an active duty status during the notice period."

During the notice period the appellant prepared and filed an answer to the charges. The answer was given "full consideration" by Assistant Director Klein who so stated in his responsive letter dated August 29, 1968. He further notified appellant that the reasons for discharge originally given (in the July 26, 1968 letter) "warrants . . . your removal to promote the efficiency of the service." The removal was made effective September 6, 1968. Removal or discharge was, therefore, more than thirty days following the first notice of proposed adverse action which was dated July 26, 1968. During all of the notice period Frommhagen remained on active duty status pursuant to Section 752.202(d). During this period the agency and civil service regulations were clearly followed.[3]

Following his discharge he still had available to him the appeals procedures. Those procedures were carefully and accurately pointed out to him by the Assistant Director in the August 29, 1968 letter. Appellant chose to appeal to the agency first rather than to the Commission.[4] He was accorded a hearing which lasted some fourteen days.

Prior to a final decision on the merits of his discharge he filed the present action which resulted in a judgment against him on November 17, 1969. A final administrative decision on the merits was rendered against him on April 7, 1970. This administrative decision renders moot his appeal before this court on both the application for reinstatement and for a declaratory judgment. Appellant has, after hearing, had a complete administrative review of his requests for reinstatement or for retention in active duty status.

Having determined that Frommhagen was discharged in accordance with the proper procedures, we turn now to the intervening period between the effective date of the discharge on September 6, 1968, and the date of the final decision on his administrative appeal on April 7, 1970. We have concluded that NASA was not obligated to retain Frommhagen in his position during this period.

At the outset, we note that nowhere does 5 C.F.R. Part 771 (1971), relating to Administrative Appeals (enacted under Executive Order 10987), provide for retention in active duty status pending the outcome of the appeal. Appellant refers us to none. In striking contrast, Chapter I of Title 5 of the Code of Federal Regulations, does contain other appeal procedures enacted pursuant to different executive orders where retention on active duty status pending appeal is expressly provided for.[5]

---

3. 5 C.F.R. Part 771, Subpart B (1969) (promulgated 33 Fed.Reg. 12494, Sept. 4, 1968), as amended, 5 C.F.R. Part 771, Subpart B (1971), "Administrative Appeals" begins as follows:
   "§ 771.201 Purpose
   "This subpart sets forth the regulations under which each agency shall establish an agency appeals system, as required by Executive Order 10987, that will provide a simple, orderly method through which an employee may seek prompt administrative reconsideration of a decision to take adverse action against him."
   Appellant has not called our attention to any particular regulation of NASA which

differs significantly from those of the Civil Service Commission. In the absence of other evidence we therefore assume the agency regulations are the same.

4. Section 771.219 outlines the options given to an employee to channel his appeal first through the agency or through the Commission. Appellant does not complain that the regulations were not properly followed in this regard.

5. C.R.F. Part 754 (1971) provides for "Adverse Actions by the Commission" (as distinguished from Agency Action, covered by Part 752). In Part 754, promulgated pursuant to a number of executive orders,

More damaging to appellant's position is the language of 5 C.F.R. § 771.211(a) (1969) (promulgated 33 Fed.Reg. 12494, Sept. 4, 1968), as amended, 5 C.F.R. § 752.204(a) (1971), which states:

"(a) An employee may submit an appeal at any time after receipt of the notice of original decision but not later than 15 calendar days after the adverse action *has been effected*." (Emphasis added)

This language contemplates the effectuation of adverse action (such as discharge) without regard to the taking of the appeal. It appears clear that if the employee has been retained on an active duty status, he is entitled to "official time" to present his appeal.[6] However, where he has been properly discharged, he is no longer on active duty and this section becomes inapplicable.[7]

Appellant's reliance upon Vitarelli v. Seaton, 359 U.S. 535, 79 S.Ct. 968, 3 L. Ed.2d 1012 (1959); Harmon v. Brucker, 355 U.S. 579, 78 S.Ct. 433, 2 L.Ed.2d 503 (1958); and Service v. Dulles, 354 U.S. 363, 77 S.Ct. 1152, 1 L.Ed.2d 1403 (1957), is not justified. Those are cases where an agency or a department did not follow its own regulations or a Secretary clearly acted in excess of his powers.

■■ We conclude that Section 3(8) of Executive Order No. 10987 does not require that an agency employee be retained in active duty status pending the outcome of his administrative appeal from a decision to discharge him.

■ As to his Equal Protection Clause argument, appellant raises it for the first time in this appeal. His contention that he raised that issue below is not supported by the record. While it is true that there may be exceptional circumstances which will prompt a reviewing court, where injustice might otherwise result, to consider questions of law which were neither pressed nor passed upon by the court or administrative agency below, Hormel v. Helvering, 312 U.S. 552, 556, 61 S.Ct. 719, 85 L.Ed. 1037 (1941), he has presented no "exceptional circumstances" here which would require departure from the rule that an appellate court will not consider contentions not presented before the lower court. Yeater v. United States, 397 F.2d 975 (9th Cir. 1968); Grant v. United States, 291 F.2d 746 (9th Cir. 1961).

We conclude that the agency has substantially complied with the procedural steps required by the regulations implementing Executive Order No. 10987 in taking its adverse action against appellant. That being so, appellant may not be reinstated or obtain a declaratory judgment of his right to remain an employee. Nor, we think, was the appellant entitled to recover a money judgment on the basis of the record in the district court.

The judgment is affirmed.

---

but *not* Executive Order No. 10987, Section 754.105(c) states:

"(c) An employee who appeals under this section is entitled to be retained in an active duty status until action on his appeal is completed under Part 772 of this chapter."

In contrast, neither Part 752 nor Part 771, covering Administrative Appeals of *Agency* action enacted under Executive Order No. 10987, provide for retention on active duty status until action on the appeal is completed.

6. Other adverse actions covered by the regulations, in which an employee remains in active duty status, include furlough without pay and reduction in rank or pay.

7. This interpretation is supported by 5 C.F.R. § 771.212(a) (3) (1969) (promulgated 33 Fed.Reg. 12494, Sept. 4, 1968, as amended, 5 C.F.R. § 771.206 (1971)), which states:

"An employee, in presenting his appeal under the agency appeals system shall:

*   *   *   *   *

(3) Be assured a reasonable amount of official time if he is otherwise in an active duty status."