PEEPLES *v.* BROWN, SECRETARY OF DEFENSE, ET AL.

No. A–452.   Decided November 29, 1979

MR. JUSTICE REHNQUIST, Circuit Justice.

Applicant Peeples has presented me with what his attorney denominates as "Application for Stay and Injunction Pending Appeal," "pending appeal from an order of the United States Court of Appeals for the Ninth Circuit denying him a stay pending appeal to said court." Application 1. I have quoted verbatim from the application in order to permit some insight into my firm conviction that I have no idea as to what grounds applicant would urge upon the Court of Appeals for the Ninth Circuit in seeking reversal of the judgment of the United States District Court for the Northern District of California. The application is a hodgepodge of assertions as to the applicant's good character, his 19 years of service in the United States Navy, and his participation in an alcoholism therapy program.

Applicant complains at one point in the application, *id.,* at 3, that some of the evidence considered by the Administrative Discharge Board related to a prior enlistment and, under a precedent decided by the Court of Appeals for the

Ninth Circuit, should not have been considered; applicant also states that he made "disclosures to his doctors of isolated apparent incidents of off-duty off-base homosexual behavior while severely intoxicated," *ibid.*, although on the same page of the application he alleges that "[a]ll of the examining Navy doctors and alcohol counselors stated that he was *not homosexual.*" *Ibid.* (emphasis in original).

According to the application, applicant's chief convened an Administrative Discharge Board, which heard the evidence obtained during therapy and, over his protest, found him guilty of acts of sexual misconduct and recommended his discharge. He then appealed his discharge to the Secretary of the Navy, who denied the appeal without "any basis in fact or written explanation, and ordered his immediate discharge within 5 working days, whereupon he sought injunctive relief from the United States District Court for the Northern District of California." *Id.*, at 4. Respondents agreed that applicant would be retained in the service at Treasure Island, Cal., pending the hearing of the preliminary injunction; meanwhile, according to applicant, his request for discovery under the Freedom of Information Act, 5 U. S. C. § 552, was objected to "and the District Court below refused to rule on Appellant's motion to compel." Application 5.

Thereafter, still according to the application, "[t]he District Court granted [respondents'] motion for summary judgment and declined to rule on [applicant's] motion for a preliminary injunction. A 10-day stay pending appeal to the Ninth Circuit was granted by the trial court. On November 23, 1979, the Ninth Circuit denied [applicant's] Emergency Motion for a stay and injunction pending appeal whereupon the instant motion was filed." *Ibid.*

Applicant urges that he will suffer irreparable injury because he has 19 years of time in the service, because he will be stigmatized by discharge for sexual misconduct, because he will lose flight time, and because "[s]uch a traumatic rejection by the government to whom he has given loyal service could

more than likely destroy the successful alcohol rehabilitation efforts to date." *Ibid.*

Applicant's moving papers, though consisting of nine typewritten pages, are remarkably skimpy in their reference to decisions of this Court. *O'Callahan* v. *Parker,* 395 U. S. 258 (1969); *Vitarelli* v. *Seaton,* 359 U. S. 535 (1959); *Harmon* v. *Brucker,* 355 U. S. 579 (1958); *Service* v. *Dulles,* 354 U. S. 363 (1957); and *SEC* v. *Chenery Corp.,* 332 U. S. 194 (1947), are the only cases cited, with no more than cryptic allusions to their relevance to this case.

Applicant makes no effort to indicate what the less than verbatim transcript before the Administrative Discharge Board indicated by way of support for the findings of that Board, or what the law prescribes as the standard of review for the Secretary of the Navy in reviewing the action of the Administrative Discharge Board. Applicant's moving papers even fail to identify either the standard of review of the United States District Court or that of the United States Court of Appeals for the Ninth Circuit in reviewing the action of the District Court unfavorable to applicant. In short, I am presented with what applicant's attorney undoubtedly feels is an appealing set of facts, but with virtually no law to accompany them. If either the District Court or the Court of Appeals gave any explanation for their conclusion in the form of an opinion or memorandum order, applicant has not seen fit to attach them to his application here. Even if applicant's claim on the merits were more comprehensible and persuasive, in my judgment he would still have failed to show the necessary irreparable injury required for a mandatory injunction. As this Court noted in *Sampson* v. *Murray,* 415 U. S. 61, 91 (1974), the legislative history of the Back Pay Act, 5 U. S. C. § 5596, "suggests that Congress contemplated that [that Act] would be the usual, if not the exclusive, remedy for wrongful discharge."

Since what applicant actually seeks is not a "stay" in any orthodox sense of that term, but an injunction from me, a

single Justice of the Supreme Court of the United States, forbidding the carrying out of the judgment of the Administrative Discharge Board, the Secretary of the Navy, the District Court, and the Court of Appeals for the Ninth Circuit, he labors under a heavy burden indeed. In my opinion, he has not met that burden, and his application is accordingly

*Denied.*