ISIDRO SEMAN,                  )    CIVIL ACTION NO. 86-09
                               )
            Plaintiff,         )
                               )
        vs.                    )         ORDER
                               )
VICENTE M. ALDAN and BOARD OF )
ELECTIONS OF THE CNMI,         )
                               )
            Defendants.        )
_____)

    This is an election contest suit. Defendant, Vicente M. Aldan, has filed a motion to dismiss plaintiff's complaint pursuant to Com.R.Civ.Proc. 12(b).[1] Co-defendant Board of Elections (BOE) joins in the motion. Aldan was the winner of this contested election. The BOE is the administrative agency established by the legislature to conduct elections. 1 CMC § 6104.

THE ELECTION

    The Constitution of the Commonwealth of the Northern Mariana Islands provides that qualified voters of the islands north of Saipan shall elect a mayor. Article VI, Section 2.

---

[1] The motion is supported by an affidavit and other documents which appear to being in within the purview of Rule 56, Com.R.Civ.Pro. This does not alter the court's conclusion.

A general election was scheduled for November 3, 1985 which included the position of mayor of the Northern Islands. Two candidates, defendant Vicente M. Aldan and David Peter, vied for the post.[2] Prior to the election, Aldan challenged the eligibility of several voters on Anatahan Island.[3] To resolve the question of who were qualified voters, the BOE distributed a questionnaire to all voters on Anatahan and to those persons registered to vote as residents of Anatahan but who were on Saipan at the time. The questionnaires were given to the voters sometime prior to November 3, 1985 and they were required to be deposited with the BOE on election day. After the election, the ballots and questionnaires were brought to Saipan by ship. After reviewing the responses, the BOE determined that 4 of 5 voters who were physically present on Saipan were not qualified voters and 4 out of 17 registered (and voting) persons on Anatahan were not qualified to vote. Disqualification was based on the finding by the BOE that the persons were not residents of Anatahan. After rejecting the 8 ballots found by the BOE to be improperly cast, the BOE

---

[2] The facts related herein are obtained from the transcript of the Board of Election hearing and the affidavit of Juan M. Diaz, the executive director of the Board. The plaintiff does not contest the accuracy of these documents.

[3] As the court reads the record, the only inhabited island north of Saipan on election day was Anatahan.

certified Aldan as the winner of the election on November 19, 1985. Plaintiff, Isidro K. Seman, was one of the 8 voters whose vote was not counted. He filed an election contest complaint with the BOE on December 3, 1985. After an extensive hearing, the BOE found in favor of Aldan on January 7, 1986.

## THE CONTEST

1 CMC § 6423(b) provides:

"The contestant shall verify the statement of contest, and shall file it within seven days after the discovery of the fact supporting the contest, except that no complaint may be filed over 30 days after the declaration of the official results."

Herein lies the crux of defendant's motion. It is based upon testimony adduced (and not controverted by plaintiff) that the plaintiff discovered the facts supporting his contest more than seven days before he filed his contest with the BOE on December 3, 1985. It is clear from the plaintiff's own testimony that he knew of the disqualified ballots, including his own, by at least November 17, 1985 as he stated he knew of the BOE's decision within two weeks of the election. Therefore, the plaintiff did not file his contest with the BOE within the time limitations set forth in § 6423(b).[4]

---

[4] On April 9, 1986, Public Law 5-7 was enacted into law which had a significant effect on the election contest provisions of 1 CMC §§ 6421, et seq. Although perplexing in its application because of certain sections in Public Law 5-7, the court determines that Public Law 5-7, however applied, does not alter the result attained herein. § 6423(b) remains intact.

The thrust of plaintiff's argument is that the BOE assumed jurisdiction of plaintiff's contest, heard the matter and therefore this made the jurisdictional time limitations moot or of no consequence.

Plaintiff's complaint in this proceeding was filed pursuant to § 6430 which reads:

> "If the contestant is dissatisfied with the decision of the Board, he may file the same complaint with the Commonwealth Trial Court within seven days after the issuance of the Board's judgment. Insofar as may be appropriate, the Court shall be governed by the provisions of Sections 6421 and 6429 of this Title."[5]

## THE LAW

An election contest in the Commonwealth is purely a statutory proceeding. There are no provisions in the Constitution providing for election contests nor is there any common law right to contest an election. Johnson vs. Stevenson, (CA5) 170 F.2d 108, cert. den. 336 U.S. 904, 64 S.Ct. 491. Thus the court must look to and abide by the legislative provisions allowing plaintiff's contest. Strict observance of the steps necessary to give jurisdiction is required and the jurisdictional facts must appear on the face of the proceedings. 26 AmJur2d, Elections, § 318. Election statutes are strictly construed. Nabors, et al vs. Manglona, et al, CTC Civil Action No. 85-600.

---

[5] § 6430 was repealed by Public Law 5-7 and any contest hearing at the BOE level was eliminated.

When the legislature dictates that certain acts must be performed by one contesting an election, it is the policy of the law that this direction is mandatory and must be complied with in order to confer jurisdiction of the proceeding. 26 AmJur2d, Elections, § 326. The reason for this is obvious. If the filing of election contests are not limited by certain time restraints, uncertainty exists as to the effect and propriety of the acts of the incumbent. The public deserves stability and certainty in the acts of its elected officials.[6]

At the time the BOE scheduled and heard the plaintiff's contest, it presumably did not know that the plaintiff could not satisfy the jurisdictional time limits set forth in 1 CMC § 6423(b). After the testimony was given to the BOE and it was uncontradicted that more than seven days had elapsed from the date of discovery of the facts supporting plaintiff's contest to December 3, 1985, the date of his filing of his contest, the BOE could and should. have summarily dismissed plaintiff's contest. Yet, it proceeded to determine the matter on the merits.

---

[6] This is abundantly clear in this case. The election was over one year ago and the certified winner, Aldan, was sworn in and took his office the second Monday in January, 1986, pursuant to Article VIII, Section 4, of the Commonwealth Constitution. Presumably, he has accepted a salary appropriated by the legislature and performed as Mayor for the last 10 plus months making the necessary decisions of the office.

922

The question of subject matter jurisdiction may be raised at any time and there can be no valid waiver of it. 20 AmJur2d, Courts, § 95. Plaintiff attempts to avoid this basic rule by arguing that 1 CMC § 6430 provides a brand new and separate forum, not limited by the time restraints of 1 CMC § 6423(b).

Were the court to accept plaintiff's view, the policy of the law respecting the speedy resolution of election contests could easily be circumvented. Should the BOE be politically motivated, it could accept a contest months or years after an election, ignore the jurisdictional provisions of the statute, and rule on the merits. Ostensibly this court then could only rule on the issue of whether there is substantial evidence to support the BOE's findings.

The plaintiff has cited no authority for the proposition he asserts. Indeed the court can find none. On the other hand, it is well established that if an administrative body such as the BOE is without jurisdiction, its acts are void. Doolan vs. Carr, 125 U.S. 618, 625, 8 S.Ct. 1228, 1231; Findlay vs. Board of Supervisors, 230 P.2d 526, 529, (Ariz.); Nicolai vs. Board of Adjustment, 101 P.2d 199, 201, (Ariz.).

As an administrative agency, the BOE is a tribunal of limited jurisdiction when considering an election contest. Its jurisdiction is dependent entirely upon the terms of the statute reposing power in it. If the jurisdictional time requirements of the statute are not met, it has no

jurisdiction. An administrative agency may not enlarge its powers by waiving a time limit which is jurisdictional or a prerequisite to the action taken. United States vs. Garbutt Oil Co., 302 U.S. 528, 58 S.Ct. 320.

In Garbutt, the administrative agency (Internal Revenue Service) considered a claim for tax refund on the merits although it was not filed timely pursuant to law. The taxpayer argued that this waived any objection to the timeliness of the filing. This argument was rejected by the court citing: United States vs. Memphis Cotton Oil Co., 288 U.S. 62, 71, 53 S.Ct. 278, 281; Finn vs. United States, 123 U.S. 227, 8 S.Ct. 82.

A competent court must pass on and set aside an administrative agency's action which is not in accordance with law, Voris vs. Eikel, 346 U.S. 328, 74 S.Ct. 88; Cardillo vs. Liberty Met. Ins. Co., 330 U.S. 469, 67 S.Ct. 801; Oklahoma vs. United States Civil Service Com., 330 U.S. 127, 67 S.Ct. 544; American Power & L. Co. vs. Securities and Exch. Com., 329 U.S. 90, 67 S.Ct. 133; Brock vs. Superior Court of San Francisco, 241 P.2d 283 (Cal.) and which are unlawful, illegal or invalid. Harmon vs. Brucker, 355 U.S. 579, 78 S.Ct. 433; Secretary of Agriculture vs. United States, 350 U.S. 162, 76 S.Ct. 244; Phillips Petroleum Co. vs. Wisconsin, 347 U.S. 672, 74 S.Ct. 794, reh. den. 348 U.S. 851, 75 S.Ct. 17. If the administrative agency acts in excess of its statutory jurisdiction, power or authority, or limitations, courts shall

924

review the agency action and set aside any action in excess of its authority. American Trucking Assoc. vs. United States, 364 U.S. 1, 80 S.Ct. 1570; 2 AmJur2d, Administrative Law, § 646 at page 498.

The existence (at the time of the filing of plaintiff's contest) of 1 CMC § 6430 does not change the result. That section cannot breathe new life into a void proceeding at the BOE level. Once the uncontroverted facts show that the plaintiff failed to timely file his contest, only one course of action was open to the BOE and that was to dismiss the contest as it, the BOE, did not have jurisdiction to entertain plaintiff's grievance. Finding the BOE had no jurisdiction, this Court certainly can find no basis upon which to consider the election contest.

IT IS ORDERED that plaintiff's complaint be and the same is hereby dismissed for lack of subject matter jurisdiction.

Dated at Saipan, CM, this 14th day of November, 1986.

Robert A. Hefner, Chief Judge