**PUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

BELL ATLANTIC MARYLAND,
INCORPORATED,
<u>Plaintiff-Appellee,</u>

v.

PRINCE GEORGE'S COUNTY,
MARYLAND,
<u>Defendant-Appellant,</u>

and

WAYNE K. CURRY, County
Executive; HOWARD W. STONE, JR.,
Chief Administrative Officer;
BARBARA L. HOLTZ, County
Attorney; BETTY HAGER FRANCIS,
Director, Department of Public

Works and Transportation,
<u>Defendants.</u>

NATIONAL LEAGUE OF CITIES;
MONTGOMERY COUNTY COUNCIL;
KMC TELECOM, INCORPORATED;
ADELPHIA BUSINESS SOLUTIONS,
formerly known as Hyperion
Telecommunications, Incorporated;
LEVEL 3 COMMUNICATIONS LLC;
ALLEGIANCE TELECOM, INCORPORATED;
THE ASSOCIATION FOR LOCAL
TELECOMMUNICATIONS SERVICES
("ALTS"); E.SPIRE COMMUNICATIONS,
INCORPORATED; INTERMEDIA
COMMUNICATIONS, INCORPORATED;

No. 99-1784

METROMEDIA FIBER NETWORK
SERVICES, INCORPORATED; NET2000
COMMUNICATIONS SERVICES,
INCORPORATED; NEXTLINK
COMMUNICATIONS; AT&T
COMMUNICATIONS OF MARYLAND,
INCORPORATED; SBC
COMMUNICATIONS, INCORPORATED,
Amici Curiae.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Catherine C. Blake, District Judge.
(CA-98-4187-CCB)

Argued: February 29, 2000

Decided: May 15, 2000

Before WIDENER and LUTTIG, Circuit Judges, and
G. Ross ANDERSON, Jr., United States District Judge
for the District of South Carolina, sitting by designation.

_____

Vacated and remanded with instructions by published opinion. Judge
Widener wrote the opinion, in which Judge Luttig and Judge Ander-
son joined.

_____

**COUNSEL**

**ARGUED:** Nicholas Patrick Miller, MILLER & VAN EATON,
P.L.L.C., Washington, D.C., for Appellant. James Petty Garland,
MILES & STOCKBRIDGE, P.C., Baltimore, Maryland, for Appellee.
**ON BRIEF:** William Malone, MILLER & VAN EATON, P.L.L.C.,

Washington, D.C.; Sean D. Wallace, County Attorney, PRINCE GEORGE'S COUNTY, Upper Marlboro, Maryland, for Appellant. Jefferson V. Wright, Matthew S. Sturtz, Brian D. Craig, MILES & STOCKBRIDGE, P.C., Baltimore, Maryland; Robert D. Lynd, Assistant General Counsel, BELL ATLANTIC-MARYLAND, INC., Baltimore, Maryland, for Appellee. Tillman L. Lay, MILLER, CANFIELD, PADDOCK & STONE, P.L.C., Washington, D.C., for Amicus Curiae League of Cities. Michael W. Cogan, MONTGOMERY COUNTY COUNCIL, Rockville, Maryland; James N. Horwood, Scott H. Strauss, Tony Lin, SPIEGEL & MCDIARMID, Washington, D.C., for Amicus Curiae County Council. Michael J. Lichtenstein, Jeffrey M. Karp, L. Elise Dieterich, SWIDLER, BERLIN, SHEREFF, FRIEDMAN, L.L.P., Washington, D.C., for Amici Curiae KMC Telecom, et al. Robert W. McCausland, Vice President, Regulatory and Interconnection, ALLEGIANCE TELECOM, INC., Dallas, Texas; Emily Williams, THE ASSOCIATION FOR LOCAL TELECOMMUNICATIONS SERVICES, Washington, D.C.; Heather B. Gold, Vice President, Regulatory and External Affairs, INTERMEDIA COMMUNICATIONS, INC., Tampa, Florida; Jason R. Karp, Director, Regulatory and Legal, NET2000 COMMUNICATIONS SERVICES, INC., Herndon, Virginia; Danny E. Adams, Rebekah J. Kinnett, KELLEY, DRYE & WARREN, L.L.P., Washington, D.C.; Riley M. Murphy, General Counsel, James C. Falvey, Vice President-Regulatory Affairs, E.SPIRE COMMUNICATIONS, INC., Annapolis Junction, Maryland; Dennis E. Codlin, Vice President-Legal Affairs, METROMEDIA FIBER NETWORK SERVICES, INC., East Rutherford, New Jersey; A. Michael Schwarzwalder, V.P. Regional General Counsel, NEXTLINK COMMUNICATIONS, Washington, D.C., for Amici Curiae Allegiance Telecom, et al. Matthew W. Nayden, Sharon A. Snyder, OBER, KALER, GRIMES & SHRIVER, P.C., Baltimore, Maryland, for Amicus Curiae AT&T Communications. Robert Edwin Davis, David J. Schenck, HUGHES & LUCE, L.L.P., Dallas, Texas, for Amicus Curiae SBC Communications.

_____

## OPINION

WIDENER, Circuit Judge:

Prince George's County, Maryland appeals from the district court's grant of judgment on the pleadings to Bell Atlantic-Maryland in <u>Bell</u>

3

Atlantic-Maryland, Inc. v. Prince George's County, Maryland, 49 F. Supp. 2d 805 (D. Md. 1999). We vacate the order appealed from and remand for further proceedings.

In 1998, the County enacted Ordinance CB-98-1998 regulating the use of county owned rights-of-way by telecommunications companies doing business in the County. Prince George's County, Md., Ordinance CB-98-1998 (1998). Bell Atlantic currently supplies County residents and businesses with telecommunications services. On December 23, 1998, before the ordinance's effective date of January 4, 1999, Bell Atlantic brought suit against the County alleging that the ordinance was invalid. Bell Atlantic made several federal law claims, arguing that the ordinance violated Article 1, § 10 of the United States Constitution, the Commerce Clause, and the Due Process Clause, that the Federal Telecommunications Acts of 1934 and 1996 pre-empted the ordinance under the Supremacy Clause, and that the County and its officials violated 42 U.S.C. § 1983 by enacting the ordinance. Under state law, among other things, Bell Atlantic claimed that by passing the ordinance, the County had breached a 1904 County franchise agreement and an 1884 state franchise with Bell Atlantic, violated Articles 2 and 24 of the Maryland Declaration of Rights, and violated public utilities companies §§ 2-113, et seq., of the Maryland Code. Bell Atlantic asked the court to enjoin preliminarily and permanently the enforcement of the ordinance and sought compensatory damages.

After an initial hearing, the parties obviated the need for a preliminary injunction by agreeing to maintain the status quo ante pending a decision in the case. In the interest of expediency, the court then directed the County to file a motion to dismiss the entire claim under Federal Rule of Civil Procedure 12(b)(6). The County complied, and Bell Atlantic filed a response in opposition. After hearing oral argument, the district court granted judgment on the pleadings to Bell Atlantic. To reach this disposition, the court confined its analysis to an examination of Bell Atlantic's claim that 47 U.S.C. § 253, a provision in the Federal Telecommunications Act of 1996, pre-empted the ordinance. Bell Atlantic, 49 F. Supp. 2d at 813-22. The opinion stated:

> Although the parties have briefed each of the four[named state law] issues extensively, the court does not believe it is

4

> necessary to reach these complex and important state law issues in order to decide this case.

49 F. Supp. 2d at 822.

Generally, § 253 prohibits local and state governments from establishing barriers to the ability of telecommunications companies to enter local markets. 47 U.S.C. § 253(a). Section 253, however, also reserves specific powers for the local governments. At issue here are the provisions concerning local and state governments' abilities to manage the public rights-of-way and to collect reasonable compensation from the telecommunications providers for use of public rights-of-way. 47 U.S.C. § 253(a)-(c). Bell Atlantic argued in its complaint that § 253 pre-empted the provisions in the ordinance for regulating use of County rights-of-way. After examining both the ordinance and § 253 in detail, the district court agreed with Bell Atlantic and found that § 253 pre-empted the ordinance in its entirety and thus was invalid under the Supremacy Clause of the United States Constitution. Bell Atlantic, 49 F. Supp. 2d at 813-21. Accordingly, the court permanently enjoined the County from enforcing the ordinance. Bell Atlantic, 49 F. Supp. 2d at 822. As noted, the court explicitly did not address any of Bell Atlantic's state law claims in the decision. Bell Atlantic, 49 F. Supp. 2d at 821-22. The County now appeals.

As the district court correctly noted, courts should avoid deciding constitutional questions unless they are essential to the disposition of a case. Bell Atlantic, 49 F. Supp. 2d at 813 (quoting Harmon v. Brucker, 355 U.S. 579, 581 (1958)). The district court did not follow its own opinion, however, because the very issue it addressed, determining whether a federal statute pre-empts a state statute, is a constitutional question. See Chicago and N. W. Transp. Co. v. Kalo Brick & Tile Co., 450 U.S. 311, 317 (1981) ("[Determining whether a statute is pre-empted by federal law] `is essentially a two-step process of first ascertaining the construction of the two statutes and then determining the constitutional question whether they are in conflict.'") (quoting Perez v. Campbell, 402 U.S. 637, 644 (1971)). In its complaint, Bell Atlantic raised at least four state law questions that it argued provided the district court with alternate bases for granting Bell Atlantic the relief it sought without considering any federal constitutional question. Bell Atlantic, 49 F. Supp. 2d at 821-22. These

5

state law questions would dispose of the case if decided in Bell Atlantic's favor.

In deciding the constitutional question of preemption rather than first considering the state law questions, the district court violated the second and fourth rules of Ashwander v. Tennessee Valley Authority, which are in pertinent part:

> 2. The Court will not "anticipate a question of constitutional law in advance of the necessity of deciding it." . . . "It is not the habit of the Court to decide questions of a constitutional nature unless absolutely necessary to a decision of the case."
>
> * * * *
>
> 4. The Court will not pass upon a constitutional question although properly presented by the record, if there is also present some other ground upon which the case may be disposed of. This rule has found most varied application. Thus, if a case can be decided on either of two grounds, one involving a constitutional question, the other a question of statutory construction or general law, the Court will decide only the latter.

297 U.S. 288, 341, 346-347 (1936) (Brandeis, J., concurring) (internal citations omitted).

In the case at hand, by deciding the constitutional question of preemption in advance of considering the state law questions upon which the case might have been disposed of, the district court committed reversible error.

The order of the district court appealed from must be vacated and the case remanded for further consideration consistent with this opinion.

We express no opinion upon any question in this case other than those mentioned in this opinion.

VACATED AND REMANDED WITH INSTRUCTIONS

6