DYK, Circuit Judge,
dissenting.
In Fisher v. United States, 402 F.3d 1167 (Fed.Cir.2005), we recently held that military disability claims are justiciable. The majority now holds that such claims do not accrue until a correction board has rejected a disability claim (where the service member acquires knowledge of his disability after discharge). Thus, there is effectively no statute of limitations with respect to such claims.[1] In my view the result reached here is inconsistent with our en banc decision in Martinez v. United States, 333 F.3d 1295, 1310 (Fed.Cir.2003) (en banc), where we held that wrongful discharge claims accrue at the time of the service member’s discharge and not when a correction board rejects the claim. I respectfully dissent from the majority’s decision that the statute of limitations has not expired.
In my view, no theory supports the majority’s conclusion.
First, the majority appears to rely on the fact that the Secretary has provided by regulation that disability determinations are to be made by a series of medical boards. Ante at 9. The pertinent provisions of the relevant Army regulation, AR 635^40 Physical Evaluation for Retention, Retirement, or Separation, require a commander to refer a soldier “unable to perform the duties of his or her office” to the responsible medical facility, which then refers the soldier to a Medical Evaluation Board, and then to a Physical Evaluation Board to determine whether the service member should be discharged for disability. AR 635-40 §§ 4-8, 4-9, 4-10, 4-13 & 4-17(a) (4). The ultimate decision to discharge the service member is finally carried out by the Personnel Command for the Secretary of the Army. Id. §§ 4 — 19(b), 4-22(g)(5) & 4-24. But there is no provision for convening a Physical Evaluation Board after the discharge of a member to address disability claims, and the statute *1229 itself does not mandate that only these medical boards make such a determination. See id. § 4-17 (The Physical Evaluation Board “is not a statutory board. Its findings and recommendations may be revised.”). Even if review by a Physical Evaluation Board were available after discharge, we have held that failure to resort to such a Board is a waiver of the right to seek a Board determination. See Real v. United States, 906 F.2d 1557, 1560 (Fed.Cir.1990) (citing Miller v. United States, 175 Ct.Cl. 871, 361 F.2d 245 (1966)). Thus, where knowledge of the disability is obtained after discharge, the only administrative route open to the veteran is to seek relief before a correction board — a mechanism that is equally available in unlawful discharge and disability retirement cases. The same statute provides for correction board relief in discharge cases and disability retirement cases. See 10 U.S.C. § 1552 (2000).
Second, we held in Martinez that the correction board is permissive only and not essential to the accrual of the cause of action, stating that “an application to a correction board is therefore not a mandatory prerequisite to filing a Tucker Act suit challenging the discharge.” 333 F.3d at 1304. If resort to a correction board is permissive in discharge cases, it is permissive in disability cases, and cannot toll the limitations period. Under Martinez correction board exhaustion is not required. “A cause of action cognizable in a Tucker Act suit accrues as soon as all events have occurred that are necessary to enable the plaintiff to bring suit.” Id. at 1303.[2]
Third, the majority (correctly) notes that the 40-year-old decision in Friedman v. United States, 159 Ct.Cl. 1, 310 F.2d 381 (1962) held that a “judicial claim for disability retirement pay does not accrue on release from active duty but rather on final action of a board competent to pass upon eligibility for disability retirement (or upon refusal of a request for such a board).” Id. at 395-96. But in my view Friedman is not consistent with Martinez. It is true that we did not directly overrule Friedman in Martinez, and indeed cited that case in the majority opinion. Martinez, 333 F.3d at 1304. But the Martinez opinion cited Friedman for a proposition directly opposite to the majority’s holding here. Martinez cited Friedman for the proposition that “[tjhis court and the Court of Claims have frequently addressed and rejected the argument that the cause of action for unlawful discharge does not accrue until the service member seeks relief from a correction board.” Id. (citing Friedman, 310 F.3d at 396). Under these circumstances Martinez can hardly be read as endorsing the majority’s view of Friedman.
Fourth, the majority holds that the difference between the result here and the result in Martinez is justified by the statutory language of 10 U.S.C. § 1201, which specifies that “[u]pon a determination by the Secretary concerned that [the] member ... is unfit to perform the duties of the member’s office ... because of physical disability ... the Secretary may retire the member, with retired pay .... ” 10 U.S.C. § 1201 (2000). A secretarial determination is also required in the discharge of service personnel before the expiration of their enlistment. 10 U.S.C. § 1169 (2000); Harmon v. Brucker, 355 U.S. 579, 582, 78 S.Ct. 433, 2 L.Ed.2d 503 (1958) (“Congress granted to the Secretary of the *1230 Army authority to issue discharges.”). Thus both in the disability context and in Martinez, there is a challenge to the Secretary’s determination, and that challenge is a predicate to success on the claim for compensation. In Martinez, the plaintiff prayed that the Secretary’s determination of misconduct in an Article 15 proceeding be expunged, that he be restored to active duty and be retroactively promoted, and that he be awarded back pay as a consequence. See 333 F.3d at 1300. In the present case, Chambers seeks to have the Secretary’s determination of honorably discharging him converted to a disability retirement, and that he be awarded disability retirement benefits as a consequence. The requirement of a secretarial determination in § 1201 does not provide any basis to distinguish Martinez.
Finally, the majority’s holding today perpetuates a serious anomaly in our disability retirement jurisprudence. Under Real, if a service member has knowledge of his disability at the time of discharge and fails to demand a Physical Evaluation Board, he is deemed to have waived the right to board evaluation and the cause of action accrues immediately upon discharge. 906 F.2d at 1562. Under the majority’s holding today, however, if that same service member acquires knowledge of his disability the day after discharge, he must resort to a correction board, and the cause of action does not accrue until after a correction board has ruled.
Of course, it would be unfair to hold that a service member who was unaware of a disability is nonetheless barred from suit by the passage of six years from the time of discharge. This problem is solved by the doctrine that “the accrual of a claim against the United States is suspended, for purposes of 28 U.S.C. § 2501, until the claimant knew or should have known that the claim existed.” Martinez, 333 F.3d at 1319. Chambers was diagnosed with Post-Traumatic Stress Disorder in 1987, and applied (successfully) for veterans benefits. Despite having knowledge of his disability claim, Chambers did nothing for the next 12 years, and did not file suit in the Court of Federal Claims until 2003. In these circumstances his claim is barred.
In summary, under the majority’s holding, where the service member acquires knowledge of disability after discharge, there is effectively no Tucker Act statute of limitations. The majority’s holding opens the door to stale claims that are decades old. I respectfully dissent from the majority’s holding as to the statute of limitations.

. The correction board does have a three-year statute of limitations. 10 U.S.C. § 1552(b) (2000). But that deadline is routinely waived. See Pl.App. at 51.

. The dissent in Martinez advocated a theory that a second cause of action accrued under the correction board statute, which the dissent regarded as money mandating. See id. at 1321 (Plager, J., dissenting). Chambers does not argue here that a separate cause of action accrued in 2000, when the correction board denied his claim.