[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-15298
Non-Argument Calendar
_____

D.C. Docket No. 4:13-cv-01777-SLB-TMP

ARTHUR BRENNAN MALLOY,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,
BOARD FOR CORRECTION OF NAVAL RECORDS,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(July 9, 2015)

Before MARCUS, WILLIAM PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Arthur Malloy, an Alabama prisoner proceeding *pro se*, appeals the district court's dismissal of his 28 U.S.C. § 2241 habeas corpus petition related to his other than honorable discharge from the military in 1965. Malloy asserts the district court erred in dismissing his § 2241 petition for lack of subject matter jurisdiction because he did not meet the "in custody" definition of § 2241.

We review *de novo* a district court's dismissal of a habeas petition for lack of jurisdiction. *Taylor v. United States*, 396 F.3d 1322, 1327 (11th Cir. 2005). To bring a federal habeas action, a petitioner must be "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Supreme Court has interpreted § 2241 as requiring that a habeas petitioner be "in custody" under the conviction or sentence that he seeks to attack at the time when his petition is filed. *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968). The Supreme Court has also recognized habeas actions brought pursuant to § 2241 may be appropriate where "members of the armed services . . . have been unlawfully detained, restrained, or confined" by the military. *Schlanger v. Seamans*, 401 U.S. 487, 489 (1971). Although a petitioner can challenge his other than honorable discharge from the military in district court and seek declaratory judgment, § 2241 is not the proper vehicle for bringing such a claim. *See Harmon v. Brucker*, 355 U.S. 579, 580-83 (1958) (finding the district court had jurisdiction to review petitioners' actions seeking declaratory judgments that the Secretary of Army's

2

issuance of other than honorable discharge certificates were void and in excess of his powers).

The district court did not err in dismissing Malloy's claim for lack of subject matter jurisdiction. Malloy is not challenging his conviction or sentence related to his confinement in Alabama state prison, and he is not detained, restrained, or confined by the military. Thus, he does not meet the "in custody" definition of § 2241. Accordingly, we affirm.

**AFFIRMED.**